Argued February 25; reversed March 15; rehearing denied
September 20, 1932

# ALLEN *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

(8 P. (2d) 1088)

*Miles H. McKey* and *W. S. Levens,* Assistant Attorneys General (I. H. Van Winkle, Attorney General, on the brief), for appellant.

*Walter McGuirk,* of Portland (McGuirk & Schneider, of Portland, on the brief), for respondent.

KELLY, J. The only question involved herein is what constitutes "the first award of compensation" as that term is used in subsection (c) of section 49-1836, Oregon Code 1930.

The language of said subsection is as follows:

"(c) If subsequent to the last award or arrangement of compensation by the commission there has been an aggravation of the disability resulting from an accidental injury, the injured workman shall file with the commission an application for increased compensation, which application shall set forth sufficient facts to show an aggravation in such disability and the degree thereof. Any application for increased compensation for aggravation must be filed within one year from the date of the first award of compensation to the claimant. No increase or rearrangement in compensation shall be operative for any period prior to the application therefor. However, the power and jurisdiction of the commission shall be continuing, and it may, upon its own motion only, from time to time make such modification or change with respect to former findings, orders or awards as in its opinion may be justified, but no appeal from or review of such proceedings shall be had."

In the foregoing subsection, two things are outstanding. One is that recoverable or compensable aggravation must be that which is subsequent to the *last* award or arrangement of compensation. The other is that the application therefor must be filed within one year from the date of the *first* award of compensation.

This language clearly recognizes that there may be successive awards, thus negativing the construction urged by claimant that the term, award, must necessarily mean only the final or concluding allowance.

The legislature, in 1925, amended the subsection, which we are construing, by enacting Senate Bill No.

114 as amended. The original bill contained the following sentence:

"If subsequent to the last award or arrangement of compensation by the commission there has been an aggravation of the disability resulting from an accidental injury, the injured workman shall file with the commission *within one year from the date of the order awarding such workman compensation for either total permanent disability or permanent partial disability* an application for increased compensation, which application shall set forth sufficient facts to show an aggravation in such disability and the degree thereof."

The Senate Committee on Labor and Industries by amendment struck out the italicized words and substituted in lieu thereof the following:

"Any application for increased compensation for aggravation must be filed within one year from the date of the first award of compensation to the claimant." 1925, Senate and House Journals, p. 142.

It thus appears that the term "first award of compensation" was carefully chosen, and was accorded a meaning more restrictive than that of "the order awarding such workman compensation."

■ We therefore hold that as used in said subsection, the term, "first award of compensation," refers to the first payment made to the claimant after the filing of his original application for compensation.

■ In the case at bar more than a year had elapsed after such award of compensation and before claimant filed his application for increased compensation because of said alleged aggravation of injury; and therefore no appeal is allowed from the action of the commission in failing to take action thereon.

It is ordered that the judgment and order of the circuit court be reversed and this proceeding dismissed.

BEAN, C. J., RAND and ROSSMAN, JJ., concur.