Argued December 14; affirmed December 31, 1934

# MILLER v. STATE INDUSTRIAL ACCIDENT COMMISSION

(39 P. (2d) 366)

*Miles H. McKey,* Assistant Attorney General (I. H. Van Winkle, Attorney General, and Victor R. Griggs, Assistant Attorney General, on the brief), for appellant.

*G. M. Roberts,* of Medford (William M. McAllister, of Medford, on the brief), for respondent.

BAILEY, J.   The defendant, State Industrial Accident Commission, appeals from a judgment of the circuit court for Jackson county awarding plaintiff compensation in addition to that allowed by the commission.

The facts in the case, briefly stated, are that on July 26, 1928, the plaintiff sustained an accidental injury arising out of and in the course of his employment while subject to the workmen's compensation law. His application for compensation was filed on July 31, 1928, and on September 21 of the same year the commission made its first award. Plaintiff received the sum of $93.60 monthly for temporary total disability from the date of the injury until August 26, 1929, at which time the commission made a final award

of $25 per month for 70 2/5 months for permanent partial disability. On September 12, 1929, the plaintiff wrote to the commission a letter, received by the commission on September 14, which he now claims amounted to an application for increased compensation by reason of aggravation of the disability resulting from the injury of July 26, 1928. Later, numerous other letters were written by him and by his friends and relatives, calling to the commission's attention his physical condition.

On February 4, 1931, his claim was reinstated by the commission and he was from that date until November 4, 1931, paid for temporary total disability the sum of $88.45 monthly, and from the latter date until August 29, 1932, he received payment for temporary total disability at the rate of $81 per month. On August 5, 1932, the commission entered an order ending his compensation for temporary total disability as of August 29, 1932, and allowing him compensation for permanent partial disability at the rate of $25 per month for 17 3/5 months beginning at the expiration of the award for temporary total disability.

This order of August 5, 1932, stated in part as follows:

"The commission having heretofore granted a final award of compensation in this claim, now on its own motion orders further payment of compensation for temporary total disability from February 4, 1931, until August 29, 1932, in the amount of $1,588.75, and additional permanent partial disability in the amount of 17 3/5 months in the amount of $440."

In this order appears the first mention by any of the commission's records that the claim was reopened by the commission "on its own motion". A copy of this order was served upon the plaintiff and within the time allowed by law he filed with the commission a

petition for rehearing, which petition was by order of the commission denied on September 15, 1932; and thereafter within the statutory period this action was instituted.

The three principal questions here involved, as stated by the appellant in its reply brief, are the following: (1) Was the letter of September 12, 1929, a sufficient application for additional compensation on account of aggravation? (2) If this letter was a sufficient application for additional compensation on account of aggravation, was it denied by the State Industrial Accident Commission on September 17, 1929? (3) Did the State Industrial Accident Commission, when it reopened Miller's claim in February, 1931, and authorized the amputation of Miller's leg, reopen the claim on its own motion?

The plaintiff, in paragraph V of his amended complaint, alleged: "That thereafter and on or about September 12, 1929, plaintiff filed with the defendant an application for increased compensation by reason of aggravation in his condition since the date of the said final award of August 26, 1929, said application as so filed with said commission reading as follows", setting out the letter *in toto*. The defendant in its answer expressly admitted this allegation.

In paragraph XIII of the amended complaint it was alleged that the plaintiff on September 13, 1932, served his application and petition for rehearing upon the final award made by the commission on August 5, 1932. And in answering the allegations contained in said paragraph XIII the defendant, in paragraph V of its answer, stated: "Admits the allegations contained in paragraph XIII of said amended complaint except that the defendant denies that plaintiff in the petition for rehearing set forth in said paragraph XIII

made any reference to or based any claim for compensation *upon his application for increased compensation by reason of aggravation* filed with the defendant on the twelfth day of September, 1929.''

And again, in paragraph I of the defendant's first affirmative defense is the following allegation: ''That plaintiff's application for increased compensation by reason of aggravation set forth in paragraph V of said amended complaint was by the defendant denied on the sixteenth day of September, 1929. \* \* \* and no appeal was taken from said order denying said application for increased compensation by reason of aggravation.''

Also, in the first paragraph of the second affirmative defense, we find this allegation: ''That the petition for rehearing filed by the plaintiff herein on the fourteenth day of September, 1932, contained no reference to plaintiff's application for increased compensation by reason of aggravation \* \* \* and makes no claims and raises no questions of law or fact by reason of or based upon said application \* \* \* and that by reason thereof plaintiff has waived all claims for compensation and all questions of law and fact arising out of and/or based upon said application for increased compensation by reason of aggravation.''

No demurrer to the amended complaint was filed, attacking the sufficiency of the letter of September 12, 1929, as an application for increased compensation on account of aggravation of injuries, nor was any objection offered by defendant to the introduction of testimony by plaintiff, on the ground of insufficiency of the complaint.

■ The defendant's contention during the trial of the case was that the application for increased compensation contained in the letter of September 12, 1929, had

been denied by an order of the commission on September 16 of the same year; that the plaintiff was notified the following day; and that no petition for rehearing of said order had been presented or appeal taken therefrom by the plaintiff within the time allowed by law.

Section 49-1836, subdivision (c), Oregon Code 1930, provides as follows:

"If subsequent to the last award or arrangement of compensation by the commission there has been an aggravation of the disability resulting from an accidental injury, the injured workman shall file with the commission an application for increased compensation, which application shall set forth sufficient facts to show an aggravation in such disability and the degree thereof. Any application for increased compensation for aggravation must be filed within one year from the date of the first award of compensation to the claimant."

In *Allen v. State Industrial Accident Commission,* 140 Or. 449 (8 P. (2d) 1088), this court held that "the first award of compensation" means the first payment made to the claimant after the filing of an original application for compensation. In the case at bar the first payment of compensation was made on September 21, 1928, and under the quoted section of the code the plaintiff, in order to be entitled to compensation on account of "aggravation of the disability" which he suffered, was obliged to file his application on or before September 21, 1929. The letter of September 12, 1929, was filed within the one-year period. It was, according to the record, considered by the commission as an application for increased compensation. We shall not attempt here to quote the entire letter. However, we do note therein the following statements:

"My leg and foot is in a critical condition, as you already know, and renders me helpless as to working, or

doing anything to make a living for myself and family. I cannot stand on my feet long enough to do anything as my feet and leg swell and pain me, and hurt at night and break my rest. It is impossible for me to walk on rough or uneven ground without the aid of crutches. * * * I am crippled no one will ever give me employment and I would be of no service to them in this condition. I am not in condition now to take training at Medford Business College, I cannot walk so far and stay up long enough to do any good. altho I do wish to take training. * * *

"It is in to bad condition to determine the amount of disability at this time. The commissions physicians know that I am totaly disabled at this time and unable to do anything to earn a livelihood for myself and family.

"The toes are crocked and stiff and hurt me also, and I could not give attention to the studies in retraining while in pain and so uncomfortable as at present."

■■ The workmen's compensation law was enacted to create an administrative board through which injured workmen would receive certain fixed compensation for injuries sustained by them in the course of employment, without the formalities attendant upon court procedure. It was not contemplated that the complaints and requests of injured workmen should be formal and couched in legal and technical language. The plaintiff in his letter of September 12, 1929, in his own fashion was clearly making a definite request, and we believe that the commission so considered and treated that letter.

The commission maintains that it did not in its pleadings or in the trial of the case admit that the plaintiff's letter of September 12 was an application for increased compensation because of aggravation, and calls our attention to statements made by its counsel during the trial to the effect that the plaintiff in this letter had not "set forth sufficient facts to show an

aggravation in such disability and the degree thereof''. True, that contention was made by defendant's counsel after the trial court had ruled against him on the admission of certain documentary evidence which was contended by him to amount to a denial by the commission of the application for increased compensation.

In view of the pleadings and the position of defendant's counsel up to the very close of the trial, it is apparent that this letter of September 12, 1929, was considered and treated by the commission as sufficient under the controlling section of the code as an application for increased compensation for aggravation of disability.

■ The defendant attempted to prove that the commission had on September 16, 1929, denied the application of plaintiff contained in his letter of September 12 preceding, and offered to show by what was claimed to be the records of the commission and a letter by its claim agent that the action of the commission had been communicated to the plaintiff. The offer of this evidence was denied by the court, on authority of § 49-1842, subdivision (c), Oregon Code 1930, which requires that a copy of any order, decision or award pertaining to his claim shall promptly be served upon the claimant by mail. The notice which the defendant maintains was mailed to the plaintiff concerning the award by the commission on August 5, 1929, merely gave to plaintiff the claim agent's version of the action taken by the commission. This was not a compliance with the terms of § 49-1842, supra, and was not admissible in evidence as a copy of any order, decision or award of the commission.

It is not necessary for us at this time to pass upon the skeleton work-sheet which is now claimed to contain the record of the commission's action in reference to plaintiff's application, for the reason that a copy thereof

was not served upon the plaintiff, and it is indeed questionable that any one not completely familiar with the procedure of the commission at that time could discern what was there under consideration and what disposition was made of the matter. Subsequent orders made by the commission in this connection are clear and intelligible and in keeping with the spirit of the law and the importance of the matters submitted to the commission for its determination.

■ The facts in this case show that plaintiff's application of September 12, 1929, was not disposed of by the commission until the reopening of the claim on February 4, 1931, and the allowance to plaintiff of further compensation for temporary total disability. No copy of any order or decision of the commission relative to the application was ever mailed to the claimant, and until that was done the request for increased compensation for aggravation of disability was pending before the commission. The defendant, however, contends that the case was reopened on the commission's own motion because of the imploring letters on behalf of plaintiff, rather than on plaintiff's application.

■■ Inasmuch as plaintiff's request for increased compensation had not been disposed of as provided by law, it must be presumed that the action of the commission on February 4, 1931, was taken with reference to it. While such an application is pending the commission can not ignore or fail to dispose of it and claim to be acting on its own motion in awarding the injured workman additional or increased compensation, with the result of preventing him from appealing from any subsequent ruling modifying the commission's order so entered.

The judgment of the circuit court herein is affirmed.

BELT, J., not sitting.