Argued December 12, 1939; modified January 9, 1940

# HINKLE *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

(97 P. (2d) 725)

In Banc.

*H. Lawrence Lister,* Assistant Attorney General (I. H. Van Winkle, Attorney General, and Oliver Crowther and C. S. Emmons, Assistant Attorneys General, on the brief), for appellant.

*George M. Roberts,* of Medford (Roberts & McAllister, of Medford, on the brief), for respondent.

■ KELLY, J. In considering the merits of this case, as distinguished from the questions of pleading and procedure involved, two things should be remembered. One is that such a proceeding as this is sui generis. The other is that the commission concedes that, at the time plaintiff's appeal to the circuit court was taken, plaintiff was entitled to compensation in addition to that awarded in the final order of the commission, which final order was made July 30, 1938. We quote from the commission's opening brief,—

"If plaintiff's appeal had not been filed so promptly, the commission would, on its own motion, have given plaintiff compensation based upon the report of the four Medford doctors."

The order of July 30, 1938, among other things, awarded to plaintiff compensation for permanent partial disability equivalent to 20 per cent loss of function of an arm.

The report of the four physicians, to which the above quoted statement in the commission's brief refers, discloses that Dr. L. D. Inskeep suggested a rating

from 45 per cent to 50 per cent of loss of arm; Dr. A. F. Walter Kresse considered 50 per cent permanent partial a fair adjustment; Dr. C. J. Hayes advised doubling claimant's present rating from 19 1/5 to 38 2/5; and Dr. Edwin R. Durno wrote that, in his opinion, 50 per cent partial would be a very fair and equitable adjustment.

■ One reason the proceeding under the Workmen's Compensation law is peculiar to itself is that it is the outgrowth of dissatisfaction with the restrictions attendant upon the remedies formerly available to injured workmen. Its purpose is to require industry to carry burden of personal injuries suffered by employees arising out of and in the course of their employment.

We know that defendant commission is striving earnestly and conscientiously to accomplish that purpose, else it never would have frankly admitted on this appeal that, at the time of plaintiff's appeal to the circuit court, claimant, in point of fact, was entitled to a greater award than the commission had made.

We are not unmindful that claimant asked herein for an award for permanent total disability, and that the trial jury and court made such an award in his favor.

The salient fact is that the only vital, controlling issue between claimant and the commission is, whether the award should have conformed to the advice given to the commission by the four physicians above named or should have been in accordance with the verdict of the trial jury.

■ In the absence of prejudicial error, it must be assumed that the jury correctly found upon that issue. Such a finding, where no prejudicial error is present,

disposes of the case in accordance with the spirit and purpose of the Workmen's Compensation law.

We have not overlooked the matter of attorney's fees to be allowed plaintiff's lawyers. That is incidental, and, while it is important, it is not controlling.

██ The assignments of error presented by the commission on this appeal involve questions of pleading and procedure. One question is whether an order, awarding plaintiff compensation for temporary total disability, and made by the commission on October 8, 1937, is one made on the commission's own motion, or one which the commission made pursuant to an application of plaintiff dated September 13, 1937, and received by the commission on September 15, 1937. The record justifies the conclusion that this application was accompanied by a letter written at the request of plaintiff by Dr. Kresse. Applying the liberal rule of construction which has been approved in cases of this character, we hold that this application of plaintiff and the letter of Dr. Kresse constitute an application for additional compensation by reason of aggravation.

The application prepared by plaintiff is headed by the phrase, "To re-open case, Claim No. 574182," and fixes the time when and describes the manner in which plaintiff was injured. Dr. Kresse's letter, among other things, contains this statement:

"As result of an injury which occurred Oct. 15, 1936, Mr. Hinkle's condition has gradually become more aggravated and at present is unable to continue with his occupation."

■ When the order of October 8, 1937, was made, this application of September 13, 1937, was pending.

"While such an application is pending the commission cannot ignore or fail to dispose of it and claim to

be acting on its own motion in awarding the injured workman additional or increased compensation, with the result of preventing him from appealing from any subsequent ruling modifying the commission's order so entered." [Mr. Justice Bailey in Miller v. State Industrial Accident Commission, 149 Or. 49, 57, 39 P. (2d) 366.]

Another question is whether the application above mentioned complies with the statute as to its contents.

The statute provides that such application shall set forth sufficient facts to show an aggravation in such disability and the degree thereof. The doctor's statement, that plaintiff's condition had gradually become more aggravated, together with the reference in the printed form of application executed by plaintiff to the original claim number, discloses an aggravation; and the statement, that plaintiff was unable to continue with his occupation, indicates the degree thereof. In saying this, we do not mean to indicate that the commission could not have required a more definite and comprehensive statement; but there is nothing in the record indicating that the commission desired any more specific statement in plaintiff's application. Certainly, we do not mean that the commission could not have required plaintiff to amend his application for increased compensation because of aggravation.

The commission insists that it disregarded plaintiff's application and acted upon its own motion. We think that the commission was not warranted in disregarding a petition of that nature; and in point of fact, the record convinces us that it did not disregard plaintiff's application, but acted in pursuance of it.

The commission contends that plaintiff's petition for rehearing does not refute the statement in the order

of October 8, 1937, that such order was made on the commission's own motion.

■ We think that the statement in plaintiff's petition for rehearing, that "based upon such application, the said commission entered an order on or about October 8, 1937," challenges the statement of the commission that such order was entered on its own motion.

It is argued that, because of the fact that when the petition for rehearing was prepared Dr. Kresse had no remembrance of the application, known herein as plaintiff's exhibit C, executed by plaintiff on the printed form customarily used by the commission for original applications, and at that time plaintiff's counsel knew nothing about such document, the petition for rehearing could not have intended to refer to that particular paper; and for that reason said petition for rehearing cannot be held to state that the action of the commission in making the order of October 8, 1937, was based upon said application known to this record as plaintiff's exhibit C.

For the purpose of determining whether the petition for rehearing challenges the statement that the order of October 8, 1937, was made on the commission's own motion, it is of no consequence that plaintiff's attorney or Dr. Kresse, who acted as plaintiff's agent, attributed the motivating influence which actuated the commission in making said order to a letter written by the doctor. The point is that the fact alleged in plaintiff's petition for rehearing challenges the statement that such order was made on the commission's own motion.

Moreover, the language employed in plaintiff's petition for rehearing is sufficient to support proof of any application filed on or about September 13, 1937, on

behalf of claimant by Dr. Kresse, requesting that said case be reopened for increased compensation because of aggravation of injury. We quote from said petition for rehearing:

"That based upon the report and findings of the attending physician that he was able to go back to work the claimant endeavored to carry on his usual occupation, and thereafter finding that it was impossible to engage in said gainful occupation in which he had theretofore worked, by reason of the said injuries so sustained by him and by reason of the fact that said injuries had become aggravated and his condition had become worse, an application requesting that his said case be reopened and for increased compensation was filed on or about September 13, 1937, on behalf of the said claimant by his attending physician and agent, Dr. A. F. W. Kresse, of Medford, Oregon, wherein and whereby said Commission was advised that the claimant's condition had gradually become more aggravated and that at the present time he was unable to continue with his said occupation, and based upon such said application the said Commission entered an order on or about October 8, 1937 * * *."

As stated, we think the record of the filing of said exhibit C together with Dr. Kresse's letter on the same date, known as exhibit B, has the effect of contradicting the statement that the order of October 8, 1937, was made on the commission's own motion.

■ It is also contended that plaintiff's complaint does not refute the statement that said order of October 8, 1937, was made on the commission's own motion.

We quote from said complaint:

"*That based upon said application as so made by the attending physician, doctor and agent of the plaintiff, the Commission entered an order on or about October 8, 1937,* * * * *and that while said commission recited in its order that it had reopened said*

case upon its own motion that nevertheless its action in reopening the case was due to and based upon the application as so filed with it by the plaintiff through his agent, Dr. Kresse, as aforesaid.'' (Italics supplied.)

As stated, the order of October 8, 1937, awarded plaintiff compensation for temporary total disability.

The order of July 30, 1938, terminated the award for temporary total disability, and made an award for permanent partial disability equivalent to 20 per cent loss of function of arm.

The statute provides:

''* * * An appeal may be taken from any order of the commission which diminishes or terminates a former award if such former award was not entered by the commission on its own motion.'' Subdiv. d of section 1, Ch. 436, Laws of 1937, amending section 49-1836, Oregon Code 1930, as amended by Ch. 384, Laws of 1933, and Ch. 139, Laws of 1935.

Intervening between the order of October 8, 1937, and that of July 30, 1938, an order of April 12, 1938, closed said claim as of April 8, 1938, and made an award for permanent partial disability equivalent to 20 per cent loss of function of arm; and a further order of May 14, 1938, was made reopening said claim as of April 8, 1938, and reinstating the same for payment of compensation for temporary total disability from April 8, 1938.

It will thus be seen that the order of July 30, 1938, terminated the award of October 8, 1937, and made an award giving plaintiff less compensation than he received under said order of October 8, 1937.

■ Inasmuch as we hold that said order of October 8, 1937, was made pursuant to plaintiff's application, and not on the commission's own motion, the order

of July 30, 1938, although made upon the commission's own motion, was an appealable order.

■ The point is urged that error was committed by the trial court in receiving in evidence a letter dated June 15, 1937, written by Dr. Kresse and received by the commission on June 17, 1937. This letter refers to and encloses a copy of an X-ray report submitted by Dr. Moffatt, states that plaintiff is reaching the point whereby he is unable to carry on his usual occupation, and suggests a consultation in Salem or Portland to determine if further treatment would be of any avail. Conceding, without deciding, that the letter was inadmissible, we cannot see how it was in any way prejudicial. Both Dr. Kresse and Dr. Moffatt testified in person and were subject to cross-examination.

■ Exhibits B and C have been considered and discussed in determining whether the order of October 8, 1937, was based thereupon or upon the commission's own motion. No error was committed in receiving them in evidence.

We find nothing prejudicial to the commission in exhibit D. It is a memorandum of medical examination by Dr. Willis H. Watson. It is dated June 24, 1937. The concluding statement in this memorandum by Dr. Watson is as follows: "I do not believe that the man will have any permanent partial disability."

It would seem that, if Dr. Watson's report were the only document filed in the case subsequent to the order of December 4, 1936, and prior to October 8, 1937, the commission would have been justified in making the entry that the order of October 8, 1937, was made on the commission's own motion, for, as we understand Dr. Watson's memorandum, it indicates that he was then medical examiner for the commission.

If such relationship did not exist, Dr. Watson should be deemed to have been a third party for there is nothing to indicate that he was the agent of plaintiff.

■ Objection is urged to the introduction of X-ray films of plaintiff. We find no prejudicial error in the action of the court in that respect. Both plaintiff and defendant educed testimony explanatory of them.

■ The commission also predicates error upon the refusal of the trial court to permit the commission's claim agent to testify how the commission interpreted the statute relating to the matter of the commission making orders on its own motion. We think no error is thus shown.

■ If the commission interpreted the law to permit it to ignore an application in writing for additional compensation by reason of aggravation of injury, it was manifestly wrong. If, on the other hand, the commission interpreted the law to require it to give consideration to an application susceptible of a construction that its purpose was to secure additional compensation because of aggravation, then the proper course for the commission to have taken in the case at bar, if it deemed the application in suit defective, was to notify the claimant to amend by supplying the required information. The essential feature of the Workmen's Compensation law is to disregard technicalities and to apply a liberal rule in construing the written claims filed. No error was committed by rejecting the testimony in question.

For the foregoing reasons, we hold that no error was committed in refusing to instruct the jury to return a verdict for defendant.

■ Error is charged in the refusal of the court to instruct the jury as follows:

"In addition to the direct evidence that there has been given upon the witness stand the Oregon law announces certain presumptions which are also evidence. Among the presumptions which are satisfactory evidence unless overcome, is the presumption that official duty has been regularly performed and the further presumption that the law has been obeyed, I instruct you that the defendant in this cause is entitled to the benefit of these presumptions. These presumptions may be overcome by other evidence, direct or indirect, but unless so overcome you are bound to find according to these presumptions. * * *"

The case being tried de novo in the circuit court, there was no feature thereof to be submitted to the jury which involved an application or consideration of either of the above presumptions by the jury. The jury were in service to determine the extent of plaintiff's disability.

■ The question of the right of plaintiff to appeal from the order of the commission to the circuit court was one for the judge of that court to decide. This he did and we hold that his decision was right. No error was committed in refusing to give this instruction.

In support of the contention that the presumption that official duty has been regularly performed should have been called to the attention of the jury, the commission cites: *Bratt v. State Industrial Acc. Com.*, 114 Or. 644, 649, 236 P. 478; *Re Application of Riggs et al.*, 105 Or. 531, 552, 207 P. 175, 210 P. 217; *Ring v. Patterson et al.*, 137 Or. 234, 1 P. (2d) 1105, and *School Dist. No. 1 v. School Dist. No. 45*, 148 Or. 554, 576, 37 P. (2d) 873.

All of these cases were heard and determined by the court and the services of a jury were not employed in

any of them. The propriety or impropriety of instructions or any instruction to a jury was not involved.

In support of the commission's contention that the jury should have been instructed that it is presumed that the law has been obeyed, the commission cites: *Coates v. Marion Co.*, 96 Or. 334, 343, 189 P. 903; *Cranston v. California Ins. Co.*, 94 Or. 369, 376, 185 P. 292; *Reid v. Multnomah County*, 100 Or. 310, 196 P. 394, and *Sullivan v. Mountain States Power Co.*, 139 Or. 282, 9 P. (2d) 1038.

In the first and last named of these cases, this court, not the trial court, applied the presumption to the respective records on appeal. There is nothing to the effect that such an instruction should have been given to the jury in either of those cases.

In *Cranston v. California Ins. Co.*, supra, an order of involuntary nonsuit, made by the trial court, was affirmed on appeal to this court. No instruction was considered. This court merely applied the presumption mentioned to the record on appeal.

*Reid v. Multnomah County*, supra, was an injunction case and the services of a jury were not employed.

■ Under the issues, as framed, we think that no error was committed by the trial court in instructing the jury, among other things, "* * * the defendant claims that the order of July 30, 1938, awarding twenty per cent of permanent total disability, is the order that should stand in force and effect." It is not pleaded in the commission's answer that any other or different order should be made; and the prayer in its answer is that plaintiff's complaint be dismissed and that the commission recover its costs and disbursements from plaintiff.

The commission could have pleaded in its answer a willingness to award compensation in accordance with the report of the four Medford physicians; and by doing so it would have changed the issue tendered by its answer from the question whether the order of July 30, 1938, should be upheld or one more favorable to plaintiff to the question of whether an order, to be approved by the physicians mentioned, should be entered or one more favorable to plaintiff. No such issue was tendered by the commission and hence the instruction of the court was not erroneous.

We have carefully considered the record, the briefs and the oral arguments, and find no reversible error.

■ The amount to be allowed plaintiff's attorneys for their services must be determined by this court: Chap. 115, Oregon Laws 1933, pp. 112, 113, which is section 49-1843b, 1935 Supp. Oregon Code 1930, p. 1325.

The Board of Governors of the Oregon Bar has approved the recommendation of its committee on State Industrial Accident Commission fees to the effect, among other things, that $750 should be the maximum fee to be allowed in a case of this character for a trial in the circuit court and an appeal to the supreme court: Supplement to Vol. XVI, No. 1, Oregon Law Review (December, 1936) pp. 58, 59.

Guided by this recommendation and its approval by said Board of Governors, we hold that plaintiff's attorneys should have 25 per cent of the amount or amounts which has or have become due upon plaintiff's claim herein, over and above the sum of $480 heretofore paid to plaintiff, said 25 per cent of said amount or amounts hereby awarded to plaintiff's attorneys to constitute a lien upon plaintiff's claim herein; and the payments, which shall be made to

plaintiff's attorneys by warrants issued by the secretary of state upon vouchers transmitted by defendant commission, shall continue until, and terminate when, the full sum of $750 shall have been paid to plaintiff's attorneys; whereupon their claim for legal services herein shall be and become fully paid and discharged. The order of the trial court is modified to that effect; and, as so modified, said order is affirmed.

It is further ordered that neither party hereto shall recover costs or disbursements herein.