Argued September 10, reversed and remanded September 23, 1964

# BUELL *v.* STATE INDUSTRIAL
# ACCIDENT COMMISSION

**395 P. 2d 442**

*James A. Pearson,* Eugene, argued the cause for appellant. On the brief were Hill & Pearson, Eugene.

*Earl M. Preston,* Assistant Attorney General, Eugene, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, and Ray H. Lafky, Assistant Attorney General, Salem.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

GOODWIN, J.

The circuit court dismissed this workman's appeal from an order of the State Industrial Accident Commission closing his claim. The court held that the Commission's order was a nonappealable order. The workman now appeals to this court.

This case arises out of an accident that occurred on December 7, 1959. The workman was allowed five days' temporary total disability, and the case was closed by an order dated May 17, 1960. This order was the first final award of compensation to the claimant. On February 16, 1961, the claim was reopened by

the Commission on its own motion pursuant to ORS 656.278. On July 3, 1963, the Commission closed the claim with an award of permanent partial disability equal to 20 per cent loss of function of an arm.

May 17, 1962, was the last day of the period during which the workman, if his claim had not been reopened by the Commission, could have filed a claim based upon an aggravation and thereby could have invoked the Commission's jurisdiction as a matter of right pursuant to ORS 656.276.

The claimant duly filed with the Commission his petition for a rehearing. After the Commission affirmed its order of July 3, 1963, the workman appealed to the circuit court. His appeal was, as noted, dismissed as an attempt to appeal from a nonappealable order.

This case involves a determination of the extent to which ORS 656.278 allows an appeal from certain orders of the Commission entered on the Commission's own motion. ORS 656.278 states:

"(1) The power and jurisdiction of the commission shall be continuing, and it may, upon its own motion, from time to time modify, change or terminate its former findings, orders or awards if in its opinion such action is justified.

"(2) There is no right of appeal from any order or award made by the commission on its own motion. An appeal may be taken from any order of the commission which diminishes or terminates a former award, or which terminates or denies medical or hospital care, if such award was not entered by the commission on its own motion. An order or award made by the commission during the time within which the claimant may invoke the jurisdiction of the commission as a matter of right is not an order or award, as the case may be, made by the commission on its own motion."

The foregoing statute saves the appealability of all orders made during the two years in which a workman can invoke the Commission's jurisdiction as a matter of right. See ORS 656.276 (2), which allows two years for the filing of a claim for increased compensation for aggravation. The workman contends, and the Commission denies, that the statute also makes appealable certain orders the Commission may enter after the expiration of the two-year period. The workman argues that if the order, whenever made, closes a claim that had been opened during the time in which appealability was expressly protected, then the order is appealable even though entered long after the expiration of the two-year period.

The Commission contends that since the Legislative Assembly did not expressly make appealable the orders that the Commission might enter after the two years mentioned in ORS 656.276 (2) had expired such orders remain nonappealable under the general terms of ORS 656.278. This is indeed the literal meaning of ORS 656.278.

Legislative history has been invoked by both parties. It affords little comfort to either. The 1957 session of the legislature, which enacted ORS 656.278, had before it HB 440, which would have accomplished the result contended for by the plaintiff. The bill contained the following language:

"(2) In any claim where the commission shall on its own motion grant any additional compensation or take any action extending any benefits to a workman more than 60 days after any appealable order has been entered, but within the two-year period during which the workman shall have the right to file a claim for aggravation, the final order of the commission granting such additional com-

pensation or other benefits, regardless of the date that such final order may be entered, shall be subject to the workman's right of appeal in the same manner as appeals from other final orders of the commission which are not on its own motion, except that the workman's right to file a claim for aggravation at any time within the two-year period following the first final order in any claim shall in no way be restricted by this statute."

The foregoing language was chosen by the Oregon State Bar, which sponsored the measure, for the express purpose of making appealable not only such orders as the Commission might enter on its own motion during the two-year period referred to above, but also all orders closing claims opened during that period by the Commission on its own motion.

The legislature struck out the quoted language from HB 440 and substituted therefor the language in which the statute now appears. The plaintiff contends that although the legislature substituted its own words for those of HB 440 it intended the meaning of the statute to remain the same as that of HB 440. The Commission contends otherwise. While the legislature has chosen an unusual method of expressing the meaning contended for by the plaintiff, we have concluded that the statute makes more sense when read as the plaintiff would have us read it than when read as the Commission reads it.

■■ There are several reasons why the circumstantial evidence of legislative intent must be considered in the light most favorable to the workman. The first reason is that the whole purpose of the legislative scheme is to give the injured workman the maximum protection with the minimum of legal technicality. See *Colvin v. State Ind. Acc. Com.*, 197 Or 401, 253

P2d 910 (1953); *Cain v. State Ind. Acc. Comm.,* 149 Or 29, 37 P2d 353, 96 ALR 1072 (1934). One express purpose of the statute is to provide for the adjustment of compensation from time to time as the workman's disability increases or diminishes. *Chebot v. State Industrial Acc. Com.,* 106 Or 660, 212 P 792 (1923).

Unless the legislature intended to save the appealability of orders closing claims that were opened during the protected period, the 1957 amendment would have been of little significance. There is no doubt that closing orders entered during the protected period are appealable. The ambiguity concerns orders entered later, but which close claims opened during the protected period. Orders opening claims are not likely to be appealed. The injured workman would not be expected to seek a rehearing under ORS 656.284, even if, for some reason, he should prefer not to have his case reopened. The only order that is likely to be appealed is the closing order. The legislature apparently thought that by declaring certain of the Commission's orders not to be "orders made on the Commission's own motion," the appealability of closing orders would be preserved. The lawmakers may have thought that by declaring the orders opening the workman's claim not to be orders made on the Commission's "own motion" they had created an effective means of preventing "own-motion" status from attaching to any orders made thereafter in connection with that reopening.

■ While this court is not permitted to read into legislation words which the legislature has left out of the statutes (see ORS 174.010), we believe that ambiguous legislation should be construed, whenever pos-

sible, so as to give it some reasonable meaning. In the case at bar the only construction of the statute that is consistent with the remainder of the Workmen's Compensation Law is the construction the plaintiff seeks. ORS 174.020 requires us to seek to accomplish the legislative intent if it can be discerned. ORS 174.030 requires a construction of ambiguous statutory language that will favor "natural right" and the avoidance of harsh results. See *State v. McGuire,* 24 Or 366, 33 P 666, 21 LRA 478 (1893). While there is no "natural" right to receive compensation, there is a strong legislative policy in favor of it. There is an even stronger policy which favors the protection of the right to judicial review and fair administrative procedure. See ORS 183.480.

■■ Accordingly, ORS 656.278 (2) is construed so that it saves the appealability of Commission orders closing claims that were reopened during the period when, by the terms of the section, and for the purposes of appeals, orders made by the Commission on its own motion are deemed not to be made on the Commission's own motion.

The cause must be remanded for the reinstatement of the workman's appeal and a trial on the merits.

Reversed and remanded.