Argued May 8, affirmed July 24, petition for rehearing
denied August 26, 1969

JENTZEN, *Appellant, v.* STATE COM-
PENSATION DEPARTMENT,
*Respondent.*

456 P2d 499

*James J. Kennedy,* Portland, argued the cause for
appellant. With him on the brief were Ryan and Ken-
nedy, Portland.

*Roger R. Warren,* Assistant Attorney General, Portland, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, and Wallace Carpenter, Chief Counsel for the State Compensation Department.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE* and HOLMAN, Justices.

GOODWIN, J.

In this appeal, an injured workman asks us to overrule *Dimitroff v. State Ind. Acc. Com.,* 209 Or 316, 306 P2d 398 (1957), and reinstate *Hinkle v. State Ind. Acc. Com.,* 163 Or 395, 97 P2d 725 (1940), which in turn had been overruled by *Dimitroff.*

The workman alleged that he had sustained a permanent partial disability, and the State Compensation Department denied that his injury had left permanent sequelae. The case was tried to a jury as was the practice under the former law (superseded by Oregon Laws 1965, ch 285). The jury found for the Commission.

The assignments of error challenge the propriety of the trial court's instructions. The court gave an instruction based on ORS 41.360. The statute provides as follows:

"All presumptions other than conclusive presumptions are satisfactory, unless overcome. They are disputable presumptions, and may be controverted by other evidence, direct or indirect, but unless so overcome, the jury is bound to find ac-

---

* Denecke, J., did not participate in the decision in this case.

cording to the presumption. The following are of that kind:

"* * * * *

"(15) Official duty has been regularly performed.

"* * * * *

"(33) The law has been obeyed.

"* * * * * *"

The instruction on the statute was held to be inconsistent with the purposes of a trial *de novo* before a jury, and was disapproved in *Hinkle v. State Ind. Acc. Com.,* supra. The *Hinkle* case, however, was specifically overruled on that point, and since 1957 the trial courts in workmen's compensation cases have usually given the instruction. The giving of the instruction in a jury trial involving the revocation of a motor vehicle operator's license was disapproved in *Garcia v. Dept. of Motor Vehicles,* 253 Or 505, 456 P2d 85 (1969).

In view of the statutory changes which have eliminated the jury trial from the judicial review of compensation awards, we have concluded that the conflict between the *Dimitroff* and *Hinkle* cases need not be resurrected for this one case. The case was tried under law that was settled; both parties knew the rules; the jury's decision has adequate support in the evidence.

Affirmed.