Argued May 25, affirmed July 15, 1971

WILLIAMSON, *Appellant, v.* STATE ACCIDENT
INSURANCE FUND, *Respondent.*

487 P2d 110

*Raymond J. Conboy*, Portland, argued the cause for appellant. With him on the brief were Pozzi, Wilson & Atchison, and Garry Kahn, Portland.

*Al J. Laue*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

## SCHWAB, C. J.

This is an aggravation claim prosecuted by a workman under the "old procedure," that is, under the provisions of the Workmen's Compensation Law prior to the 1965 amendment. Oregon Laws 1965, ch 285, p 560.

The matter was tried to a jury before the circuit court of Coos County in August of 1968. The trial judge instructed the jury that the compensation department was entitled to a presumption "that it has properly determined when the workman's condition is stationary and the extent, if any, of his permanent disability." The jury found for the defendant and the plaintiff moved for a new trial, asserting as a principal ground that the giving of that instruction was contrary to the decision of the Oregon Supreme Court

in *U. S. National Bank v. Lloyd's,* 239 Or 298, 382 P2d 851, 396 P2d 765 (1964). The trial judge granted the new trial on that ground.

The State Compensation Department appealed, but determined not to pursue the appeal and filed a motion to dismiss which was granted by the Supreme Court in March of 1969.

The matter came on for trial before a jury a second time in September of 1969, with a different trial judge presiding. The jury found the plaintiff permanently and totally disabled. The department then filed a motion for a new trial contending that the court erred in failing to give instructions based on ORS 41.360(15) and ORS 41.360(33)[1] similar to that which the previous trial judge had held was erroneous, and

"* * * in denying defendant's motion for a Mistrial when plaintiff on final argument averred to the jury in words to the effect that they could award the plaintiff an award of permanent and total disability and that at such later date if it were discovered that the claimant could do work or were not permanently and totally disabled the award could be taken away from him."

The trial judge granted the motion for a new trial on both grounds.

So far as the instructions based on ORS 41.360 (15) and (33) are concerned, the failure to give them was not error for two reasons.

---

[1] ORS 41.360(15) and 41.360(33) provide:

"All presumptions other than conclusive presumptions are satisfactory, unless overcome. They are disputable presumptions, and may be controverted by other evidence, direct or indirect, but unless so overcome, the jury is bound to find according to the presumption. The following are of that kind:

"(15) Official duty has been regularly performed.

"(33) The law has been obeyed."

■ First, a similar instruction had in fact been given in the first trial and after a new trial had been granted on the grounds that the giving of it was error, the defendant appealed from that ruling, but later abandoned the appeal. That ruling became the law of the case and was binding upon the trial judge at the second trial.

■ Second, *Jentzen v. Compensation Department,* 254 Or 65, 456 P2d 499 (1969), appears to hold that in view of the change from jury to non-jury trials in workmen's compensation proceedings, appellate courts should not undertake to determine whether an instruction based on ORS 41.360 should or should not be given by the circuit courts. Thus it was not error for the trial court to refuse to give the department's requested instructions on presumptions and for that reason there was no error in law to justify the award of a new trial.

■■ Turning to the second ground, plaintiff argues that it was proper for his counsel in final argument to advise the jury of the provisions of ORS 656.278(1) which during the pertinent period read:

"(1) The power and jurisdiction of the commission shall be continuing, and it may, upon its own motion, from time to time modify, change or terminate its former findings, orders or awards if in its opinion such action is justified."

He cites as authority *Makino v. S., P. & S. Ry. Co.,* 155 Or 317, 63 P2d 1082 (1937). We do not agree with plaintiff's position nor do we construe the *Makino* case as supporting it. The pertinent language there, at p 336, is:

"* * * [A]n attorney in his argument to the jury may state the principles of law applicable to the action so far as is necessary to enable him to discuss evidence intelligently * * *."

It is not necessary or proper to argue law to a jury when that law would not be the basis of a proper instruction by the court. The jury was sworn to decide the case on the evidence before it and in accordance with the rules of law coming from the trial court by way of instructions. It was a proper exercise of discretion for the trial judge to hold that it was improper for the jurors to be told that they need not be too concerned about resolving doubts in favor of the plaintiff because if they were wrong their finding could later be modified by the defendant.

Affirmed.