Argued October 25, 1978, reversed March 19, 1979

# COOMBS, *Petitioner,*
### *v.*
# STATE ACCIDENT INSURANCE FUND,
*Respondent.*
## (No. 77-3947, CA 11291)

592 P2d 242

Donald R. Wilson, Portland, argued the cause for petitioner. With him on the brief were Dan O'Leary and Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

William H. Stockton, Associate Counsel, Portland, argued the cause for respondent. With him on the brief were K. R. Maloney, Chief Counsel and James A. Blevins, Chief Trial Counsel, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

RICHARDSON, J.

**RICHARDSON, J.**

In this workers' compensation case claimant appeals an order of the Workers' Compensation Board affirming the Board's exercise of its own motion jurisdiction to close claimant's compensation claim. The issue is whether the claim closure is properly an exercise of the Board's own motion jurisdiction depriving claimant of a right of appeal.

Claimant sustained a compensable injury to his leg on July 17, 1967, and his claim was accepted by the State Accident Insurance Fund (Fund). The Closing and Evaluation Division closed the claim on May 11, 1970, pursuant to ORS 656.268(3). In February, 1971, claimant filed a timely request for a hearing under ORS 656.268(5). In lieu of a hearing the claimant and the Fund entered into a stipulation to reopen the claim for payment of further temporary disability and further medical treatment. The stipulation was accepted by order of a Board hearings officer.

The claim remained open pursuant to this stipulated order until January 30, 1973, when it was closed by a second determination order entered under ORS 656.268(3). Claimant filed a request for a hearing contesting the second determination order in August, 1973. Again the claim was reopened by a stipulated order. Claimant's aggravation rights expired on May 11, 1975.

On January 30, 1976, the Board issued a third determination order. Claimant requested a hearing to contest this determination order. As a result of that appeal claimant and the Fund again entered into a stipulation. Based on that stipulation the hearings officer of the Board issued an order reopening the claim for payment of temporary total disability compensation and for the provision of medical care and treatment. The temporary total disability payments were to run from July 2, 1976, and "for such time in the future as claimant's condition shall warrant * * *." Claimant's request for hearing was dismissed.

On April 14, 1977, the fund requested a determination closing the claim. The Closing and Evaluation Division recommended claimant be granted temporary total disability compensation from July 2, 1976, through March 21, 1977, and be awarded 9.6 degrees for five percent loss of the right arm for his scheduled disability. The Board adopted that recommendation in an order denominated an "Own Motion Determination." The order stated that claimant had no right to a hearing, review or appeal of the award. The order also recited that "on July 2, 1967 [sic, 1976], due to his injury to the right knee, claimant slipped and injured his right elbow." This is the only reference in the record to an accident subsequent to that producing the original claim. The record does not disclose that claimant filed an aggravation claim respecting the July 2, 1976, accident.

ORS 656.278 gives the Board continuing jurisdiction to alter earlier actions on claims.

> "(1) The power and jurisdiction of the board shall be continuing, and it may, upon its own motion, from time to time modify, change or terminate former findings, orders or awards if in its opinion such action is justified."

Subsection (2) of that statute sets forth a limitation on the exercise of the Board's own motion jurisdiction:

> "(2) An order or award made by the board during the time within which the claimant has the right to request a hearing on aggravation under ORS 656.273 is not an order or award, as the case may be, made by the board on its own motion."

Subsection (3) limits the right of claimant to appeal an own motion order to instances where a prior award is reduced or terminated.

The question is whether the Board's order denominated "Own Motion Determination" was an order pursuant to the Board's own motion jurisdiction and not appealable. Determination of this issue requires a construction of ORS ORS 656.278(2).

In *Verban v. State Ind. Acc.Com.*, 168 Or 394, 123 P2d 988 (1942), the court construed the earlier version of the own motion statute. That statute provided:

"The power and jurisdiction of the commission shall be continuing, and it may, upon its own motion, from time to time, modify, change or terminate its former findings, orders or awards if in its opinion such action is justified. There shall be no right of appeal from any order or award made by the commission on its own motion. An appeal may be taken from any order of the commission which diminishes or terminates a former award if such former award was not entered by the commission on its own motion." 7 OCLA 102-1771(d).

The statute in effect at that time provided that a claimant aggrieved by an award had 60 days from the award to seek a rehearing with the commission.

In that case, claimant sustained a compensable injury on December 16, 1937. His claim was accepted and he was paid temporary total disability compensation. On June 3, 1940, the commission terminated the temporary total disability payments and made a final award. On July 17, 1940, the commission, purportedly on its own motion, increased the award of permanent partial disability. Three days later, again purportedly on its own motion, it reduced the award. On August 2, 1940, claimant petitioned for reconsideration of the award. The petition was filed within 60 days of the first award.[1]

The commission argued since there was no petition for rehearing there was nothing to require the commission to act and therefore the order of July 17, 1940, was on the commission's own motion and not appealable.

---

[1] Claimant had sent a letter to the commission on June 21, 1940, protesting the original award. The Supreme Court held that was not sufficient to invoke the jurisdiction of the commission to reconsider the award. Consequently, the petition of August 2, 1940, was the first request for reconsideration. *See Gerber v. State Ind. Acc. Com.*, 164 Or 353, 101 P2d 416 (1940).

The Supreme court disagreed and held that the Commission's own motion jurisdiction would apply only to the period which began after the end of the period during which claimant had a right to invoke the jurisdiction of the commission. An order made during the period when claimant could invoke the commission's jurisdiction was not an own motion order and was appealable.

In *Miller v. State Ind. Acc. Comm.*, 149 Or 49, 39 P2d 366 (1934), the Supreme Court was faced with the issue of whether an award was an own motion order or was appealable. Claimant sustained a compensable injury on July 26, 1928, and received an award of temporary total disability on September 21, 1928. Under the applicable statute he had a period of one year from that date to make a claim for aggravation. On September 12, 1929, he wrote a letter to SIAC claiming aggravation. The Supreme Court held this was sufficient to invoke the jurisdiction of the commission. SIAC reopened the claim on February 4, 1931, a date subsequent to expiration of his aggravation rights. A subsequent order on August 29, 1932, awarded permanent partial disability. SIAC argued the reopening of the claim on February 4, 1931, and subsequent closure on August 29, 1932, was pursuant to the commission's own motion jurisdiction and not appealable. The Court held:

> "Inasmuch as plaintiff's [claimant's] request for increased compensation had not been disposed of as provided by law, it must be presumed that the action of the commission on February 4, 1931, was taken with reference to it. While such an application is pending the commission can not ignore or fail to dispose of it and claim to be acting on its own motion in awarding the injured workman additional or increased compensation, with the result of preventing him from appealing from any subsequent ruling modifying the commission's order so entered." 149 Or at 57.

The essence of the holding in *Miller* is that when a claim is reopened as a matter of right, *i.e.*, in response

to a filed request for hearing, claimant has a right to appeal the subsequent closure of the claim no matter when the closure order is issued. The timing of the claim closure does not determine whether it is on the Board's own motion. *See also Hinkle v. State Ind. Acc. Com.*,[2] 163 Or 395, 97 P2d 725 (1940).

In *Buell v. S.I.A.C.*, 238 Or 492, 395 P2d 442 (1964), the Supreme Court considered the appealability of a purported own motion order closing a claim. ORS 656.278 read, at the time of the *Buell* decision, the same as the present wording except for the following limitation on own motion jurisdiction:

"(2)* * * An order or award made by the commission during the time within which the claimant may invoke the jurisdiction of the commission as a matter of right is not an order or award, as the case may be, made by the commission on its own motion."

This language, added subsequent to *Verban v. State Ind. Acc. Com., supra,* reflects the holding of that case.

The claimant in *Buell* sustained a compensable injury on December 7, 1959, and his claim was closed on May 17, 1960. Under the statutory scheme as it existed at that time claimant's aggravation rights expired May 17, 1962. Prior to expiration of the aggavation rights the commission reopened the claim. On July 3, 1963, after termination of aggravation rights, the commission closed the claim purportedly on its own motion.

The commission argued that since the closing order was issued after claimant's aggravation rights had terminated the order was not appealable. The court agreed this was the literal meaning of the former ORS 656.278 but interpreted that section to mean that an order closing a claim which was opened during the time a claimant could invoke the jurisdiction of the commission was appealable, though entered after expiration of that protected period.

---

[2] *Hinkle v. State Ind. Acc. Com.*, 163 Or 395, 97 P2d 725 (1940), was overruled in part by *Dimitroff v. State Ind. Acc. Com.*, 209 Or 316, 306 P2d 398 (1957).

The present wording of ORS 656.278(2), quoted above, was added by the legislature in 1965. Oregon Laws 1965, ch 286, § 33. The referee's order in this case, which was adopted by the Board, stated:

> "* * *When the aggravation period has expired Determination Orders are issued under the provisions of ORS 656.278.* * *"

That literal reading of the section conflicts with appeal rights granted a claimant by ORS 656.268(5). The latter section gives a claimant one year to appeal a determination order issued under ORS 656.268(3). A hypothetical fact situation will serve to illustrate this conflict. Let us suppose a determination order issued one day prior to expiration of the claimant's aggravation rights. Under ORS 656.268(5) he has one year to appeal that determination order. If the claimant filed a request for a hearing within that one year period but after aggravation rights had run, the Board would apparently hold the request for hearing was not timely. If the Board did respond to the request for hearing and granted a slight increase in the award, claimant, under the Board's present interpretation of ORS 656.278(2), would not be entitled to appeal.

In determining legislative intent we are mindful that the Workers' Compensation Act should be interpreted in a light most favorable to the worker. One purpose of the Act is to accord the injured worker the maximum protection with the minimum of legal technicality. *See Colvin v. State Ind. Acc. Com.*, 197 Or 401, 253 P2d 910 (1953); *Buell v. S.I.A.C., supra.* We conclude the legislature did not intend that a claimant's appeal rights granted by ORS 656.268(5) should prematurely terminate when his aggravation rights expire. When a claim is opened during the time claimant still has appeal rights, closure of that claim carries with it the right of appeal whenever issued. This interpretation preserves a statutory right of appeal and avoids a harsh result.

Applying that interpretation to the facts of this case, the Board was in error in concluding claimant

had no right to appeal the order closing the claim and awarding permanent partial disability. The claim was closed by a second determination order on January 30, 1973. It was reopened by a stipulated order in August of 1973. The claim remained open beyond the time when claimant's aggravation rights expired. The third determination order closing the claim was appealable even though the order was issued after aggravation rights had run because it closed a claim opened at a time when claimant could seek redetermination as a matter of right. Claimant appealed from the third determination order and the claim was reopened by stipulated order. Since the claim was reopened during the time when claimant had appeal rights under ORS 656.268(5) the closing order which is the subject of this appeal was not on the Board's own motion and therefore was appealable.

■ The Fund makes an additional argument. It contends that reopening of the claim on January 14, 1976, after aggravation rights had expired, was a voluntary act by the Fund and claimant had no right to seek aggravation compensation as a matter of right. Since, it is argued, the claimant could not compel reopening as a matter of right, closure of the claim by the Board was on its own motion. The difficulty with the Fund's argument is that it is not supported by the record. As far as the record shows claimant did not file a claim for aggravation. He appealed a determination order and the claim was reopened by stipulated order. The order does not state claimant was being granted compensation for aggravation of the injury but only reopened the claim for further temporary total disability payment and for provision of further medical treatment.

The order of the Board is reversed with instructions to allow claimant's appeal.

Reversed.