Argued and submitted December 17, 1980,
reversed and remanded June 29, 1981

In the Matter of the Compensation of
J. D. Carter, Claimant.

CARTER,
*Petitioner,*
*v.*
STATE ACCIDENT INSURANCE
FUND CORPORATION,
*Respondent.*

(WCB No. 78-4946, CA 18498)

630 P2d 397

Kenneth D. Peterson, Jr., Eugene, argued the cause for petitioner. On the brief were Steven C. Yates and Malagon, Velure & Yates, Eugene.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause for respondent. With him on the brief were K. R. Maloney, General Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund Corporation, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

### WARREN, J.

Claimant appeals from an order of the Workers' Compensation Board (Board), holding that closure of the claim pursuant to ORS 656.278 was a proper exercise of its own motion jurisdiction. ORS 656.278 provides:

"(1) The power and jurisdiction of the board shall be continuing, and it may, upon its own motion, from time to time modify, change or terminate former findings, orders or awards if in its opinion such action is justified.

"(2) An order or award made by the board during the time within which the claimant has the right to request a hearing on aggravation under ORS 656.273 is not an order or award, as the case may be, made by the board on its own motion.

"(3) The claimant has no right to a hearing, review or appeal on any order or award made by the board on its own motion, except when the order diminishes or terminates a former award or terminates medical or hospital care. The employer may request a hearing on an order which increases the award or grants additional medical or hospital care to the claimant."

The case was submitted on stipulated facts. On October 19, 1967, claimant suffered a compensable injury. His claim was closed on November 20, 1967, by a determination order which denied compensation. In 1969, the claim was reopened by the Hearings Division of the Workers' Compensation Board, due to an aggravation of the 1967 injury. On July 28, 1972, a second determination order was issued, closing the claim and awarding temporary total and 35 percent unscheduled permanent partial disability compensation. Under ORS 656.273(4),[1] claimant's aggravation rights expired November 20, 1972.

---

[1] ORS 656.273(4) provides:

"(4)(a) Except as provided in paragraphs (b) and (c) of this subsection, the claim for aggravation must be filed within five years after the first determination made under subsection (3) of ORS 656.268.

"(b) If the injury was nondisabling and no determination was made, the claim for aggravation must be filed within five years after the date of injury.

"(c) If the injury was disabling but without permanent disability and no determination was made, the claim for aggravation must be filed within five years from the date of the notice of claim closure by the self-insured employer or the employer's insurer."

In May, 1973, the claim was again reopened, apparently in response to claimant's need for multiple surgeries. Claimant's right to appeal the second determination order (July 28, 1972) under ORS 656.268[2] expired on July 28, 1973. Responding to SAIF's request for closure, the Board on June 22, 1978, in an order denominated an "Own Motion Determination," awarded additional compensation and informed claimant that he had "no right to a hearing, review or appeal on this award made by the Board on its own motion."

Thereafter, claimant requested a hearing regarding the propriety of the Board's exercise of its own motion jurisdiction. It was his contention that the claim should have been closed pursuant to ORS 656.268, rather than under ORS 656.278, which precludes appeal. The case was referred by the Board to the Hearings Division for resolution of this issue.

---

(Reference in ORS 656.273(4)(a) to "subsection (3) of ORS 656.268" is an apparent error. ORS 656.268 was renumbered in 1979. Or Laws 1979, ch 839, § 4, at 1150-51. In amending ORS 656.273(4) in 1979, it is probable that the legislature intended to refer to subsection (4) of ORS 656.268, which concerns closure by the Evaluation Division, rather than subsection (3), which concerns closure by the carrier. Or Laws 1979, ch 839, § 6, at 1151-52.)

[2] ORS 656.268 provides in pertinent part:

"* * * * * *

"(2) When the injured worker's condition resulting from a disabling injury has become medically stationary, unless he is enrolled and actively engaged in an authorized program of vocational rehabilitation, the State Accident Insurance Fund Corporation or direct responsibility employer shall so notify the Evaluation Division, the worker, and the contributing employer, if any, and request the claim be examined and further compensation, if any, be determined. * * *

"* * * * * *

"(4) Within 30 days after the Evaluation Division receives the medical and vocational reports relating to a disabling injury, the claim shall be examined and further compensation, including permanent disability award, if any, determined under the director's supervision. * * *

"* * * * * *

"(6) The Evaluation Division shall mail a copy of the determination to all interested parties. Any such party may request a hearing under ORS 656.283 on the determination made under subsection (4) of this section within one year after copies of the determination are mailed.

"* * * * * *"

The referee concluded that the case was properly closed by the Board's own motion determination. In arriving at this conclusion, the referee reasoned:

> "If we accept the contention of the claimant that only claims reopened by Board's Own Motion Order be closed by Own Motion Order then the insurance companies would never want to voluntarily reopen a claim after the aggravation rights had expired because they would be giving the claimant more rights than the legislature intended * * *."

The Board affirmed the order of the referee and dismissed claimant's request for Board review on the ground that this was not an appealable order.

As noted, the claim was voluntarily reopened by the carrier in May, 1973, after claimant's aggravation rights had expired on November 20, 1972, but during the continuance of his appeal rights, which would not have expired until July 28, 1973. The sole issue is whether a claimant whose claim is voluntarily reopened after his aggravation rights had expired, but during the continuance of the existence of appeal rights from the final determination order, is entitled to closure of his claim pursuant to ORS 656.268, rather than under ORS 656.278, which denies the right to appeal.

The dispositive case on this subject is *Coombs v. SAIF,* 39 Or App 293, 592 P2d 242 (1979). In *Coombs,* a total of four determination orders were issued. Following entry of the second determination order, the parties stipulated to a reopening. The claim was later closed by a third determination order, which was issued after expiration of both claimant's right to file an aggravation claim and his right to appeal the second determination order. As the result of claimant's filing a subsequent appeal, the parties again agreed to a reopening. The claim was finally closed by the Evaluation Division, which recommended that claimant be awarded temporary total and permanent partial disability compensation. The Board adopted the Hearings Division's recommendation in an "Own Motion Determination" order and informed claimant that he had no right to a hearing, review or appeal of the award.

In construing ORS 656.278, we concluded:

"* * * [T]he legislature did not intend that a claimant's appeal rights granted by ORS 656.268(5) [now ORS 656.268(6)] should prematurely terminate when his aggravation rights expire. When a claim is opened during the time claimant still has appeal rights, closure of that claim carries with it the right of appeal whenever issued. This interpretation preserves a statutory right of appeal and avoids a harsh result." *Coombs v. SAIF, supra,* 39 Or App at 300.

Applying this conclusion to the facts in *Coombs,* we held that:

"* * * [T]he Board was in error in concluding claimant had no right to appeal the order closing the claim and awarding permanent partial disability. The claim was closed by a second determination order on January 30, 1973. It was reopened by a stipulated order in August of 1973. The claim remained open beyond the time when claimant's aggravation rights expired. The third determination order closing the claim was appealable even though the order was issued after aggravation rights had run because it closed a claim opened at a time when claimant could seek redetermination as a matter of right. Claimant appealed from the third determination order and the claim was reopened by stipulated order. *Since the claim was reopened during the time when claimant had appeal rights under ORS 656.268(5) [now ORS 656.268(6)] the closing order which is the subject of this appeal was not on the Board's own motion and therefore was appealable."* [Emphasis added.] 39 Or App at 300-301.

Similarly, because the claim in the present case was reopened, for whatever reason, during the time claimant still had the right to appeal the second determination order, ORS 656.268(6), the closing order entered by the Board could not be pursuant to its own motion jurisdiction. ORS 656.278. Thus, the claim should have been closed pursuant to ORS 656.268 and, as such, is appealable.

SAIF contends that the instant case is distinguishable, because in *Coombs* claimant actually appealed from the third determination order, and, as a result, the parties stipulated to a reopening, whereas here, SAIF argues, claimant did not appeal from the second determination order, and the Fund voluntarily reopened. We believe that

this distinction is of no consequence. Whatever reason prompted the reopening, the crux of the matter is that the claim was reopened during the time claimant had a right to appeal under ORS 656.268(6).

Reversed and remanded.