Argued May 25, affirmed July 15, 1971

BLISSERD, *Appellant, v.* STATE ACCIDENT
INSURANCE FUND, *Respondent.*

486 P2d 1312

*Allan H. Coons,* Eugene, argued the cause for appellant. With him on the brief were Coons & Malagon, Eugene.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

This workmen's compensation case involves the question of whether claimant received a compensable injury early in December 1968 during the course of employment or if the injury he received resulted from nonemployment shoveling of snow at home approximately two months later. The hearing officer found claimant's chest pain condition was employment-connected. The Workmen's Compensation Board disagreed, and concluded that no compensable injury was incurred by claimant in early December 1968 and his muscle wall strain was related to the noncompensable incident of shoveling snow in late January 1969. The circuit court agreed with the Workmen's Compensation Board and claimant appeals.

Chronologically, claimant first filed a claim on August 18, 1969, alleging a chest muscle injury. The date of the alleged occurrence was not shown and thereafter on October 20, 1969, claimant executed and filed a second claim form alleging the date of injury as "sometime during the first week in Dec., 1968," while lifting a trailer off a truck with a hand-operated crane. The defendant denied the claim.

The first time claimant sought any medical care for his problem was January 30, 1969, the day following a heavy (36-inch) snowfall in Eugene during which claimant participated in rather extensive snow shoveling. He was hospitalized with substantial chest pains.

The initial diagnosis was myocardial ischemia, angina pectoris. Claimant was examined by a series of doctors and originally he told none of them of the on-the-job trailer lifting incident, but rather recited that the symptoms were concurrent with the later snow shoveling incident. His condition was ultimately diagnosed as chest muscle strain rather than cardiac involvement.

Dr. Foster F. Keene, apparently the last doctor to see claimant prior to the hearing, examined him on July 22, 1969, reviewed his past records, and, in response to a cross-examination question by the defendant, answered:

"The history which I obtained from this patient and all correspondence which I received from other physicians dated the onset of his symptoms concurrently with shoveling snow late in January, 1969. The first time that I was aware that these symptoms might have had an earlier onset was in a telephone conversation with * * * [claimant's attorney] shortly before the hypothetical case history was sent to me."

Claimant urges that he did not earlier relate his injury to his work because he was not sure of its nature until August of 1969.

In the nine-year period from January of 1960 through the end of 1968, the claimant had made and been allowed 10 claims for accidental injuries arising out of and in the course of his employment. With this experience with claims procedures, it is difficult to

understand claimant's failure to promptly assert his chest pain claim as work-connected.

Claimant's continuing emphasis on the snow shoveling incident in recounting his history to the several physicians supports the Board's conclusion that there was no compensable injury in December of 1968. The burden of proof of employment injury is on the claimant. *Coday v. Willamette Tug & Barge,* 250 Or 39, 440 P2d 224 (1968). Although this court gives respectful consideration to the findings of the hearing officer, this court, the circuit court and the Board are not bound by those findings. *Hannan v. Good Samaritan Hosp.,* 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971). The court is required to resolve the case as its independent judgment dictates. The failure to ascribe the symptoms to the supposed December injury, the consistent reference to the January snow shoveling incident, the vagueness surrounding any mention of the injury, the claimant's obvious familiarity with and history of compensation claims combine to compel us to agree with the Board that no compensable injury occurred in December of 1968.

Affirmed.