Argued January 25, affirmed March 30, 1972

BICKNELL, *Appellant, v.* STATE ACCIDENT
INSURANCE FUND, *Respondent.*

495 P2d 289

*Sam A. McKeen,* Klamath Falls, argued the cause and filed the brief for appellant.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

This workmen's compensation case involves several issues, the only one of which we need decide is whether claimant suffered a compensable injury during the course of her employment. Claimant alleged she sustained a back injury on March 15 or 16, 1968, while lifting a large container of coleslaw at employer's restaurant. There is conflicting evidence as to whether claimant orally notified her employer of the injury. No written notice was given.[1] Four days later claimant terminated her employment. The first reported contact with a physician regarding this back pain occurred in January of 1969. Claimant was then referred to another physician whom she saw February 19, 1969. The next day she contacted a representative of the State Compensation Department (now SAIF) who interviewed her and explained the procedure for filing a claim. When asked the origin of her back problems by the two doctors and the compensation officer, claimant made no mention of any specific traumatic incident and was vague as to when she first began experiencing the pain. On March 13,

---

[1] A point of contention before the hearing officer and Board was whether this claim was barred because of untimely notice. See ORS 656.265 (4)(a).

1969, claimant filed written notice of injury, alleging, for the first time, that she had been injured on March 16, 1968, while lifting a container of coleslaw.

The hearing officer found, among other things, that claimant had suffered a compensable injury. The Board and circuit court disagreed and reversed the hearing officer's order.

■■ The burden of proof of employment injury is on the claimant. *Coday v. Willamette Tug & Barge,* 250 Or 39, 440 P2d 224 (1968). Although respectful consideration is given to the findings of the hearing officer, this court, the circuit court and the Board are not bound by those findings. *Blisserd v. SAIF,* 6 Or App 111, 486 P2d 1312 (1971). We review *de novo* and must resolve the case as our independent judgment dictates.

■ Here, the following factors compel us to agree with the Board and circuit court: failure to give written notice of the injury until almost a year after its alleged occurrence; failure to consult with a physician for 10 months after the incident, despite claimant's testimony as to the intensity of the pain following the incident; absence of any mention of this incident in the histories given by the claimant to the two physicians and the compensation officer, the alleged March incident surfacing only after the compensation officer told claimant that in order to assert a claim she would have to allege some employment-related basis for the injury; and claimant's own testimony that prior to the alleged March incident she was suffering back pain.

Affirmed.