Argued November 28, reversed and remanded December 15, 1972

## BRENNAN, *Respondent, v.* STATE ACCIDENT INSURANCE FUND (No. 377-331), *Appellant.*

504 P2d 142

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief

were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*Nels Peterson,* Portland, argued the cause for respondent. With him on the brief were Peterson, Chaivoe & Peterson, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

The State Accident Insurance Fund appeals from a judgment of the circuit court which awarded claimant medical expenses for treatment and permanent disability equal to 25 per cent permanent loss of function of one leg and for expenses related to excision of a lipoma (a fatty tumor). The hearing officer and Workmen's Compensation Board had denied these claims.

Claimant, a longshoreman, had had several on-the-job injuries for which he received compensation prior to the incident to which he relates these claims. The previous injuries had left him with a weakened left knee upon which he frequently wore a brace. On October 30, 1969 he was attacked by another longshoreman on the job and pulled from a lift truck which he was operating. He injured his left thumb in the ensuing fight with his assailant and immediately thereafter went to a hospital where he received emergency treatment for the thumb and for a "black-out" which he experienced on the way to the hospital. Dr. Willis who attended the claimant reported that his complaint was "[p]ainful swollen L hand, dizziness, blurred vision dyspnea." There was no entry mentioning the

left knee or lipoma on his back. In his workman's compensation claim form regarding the incident which the claimant had his attorney make out for him and which he signed on November 5, 1969, the claimant said:

> "* * * I was injured when co-employe pulled me off lift, blows followed, and I ended up with injuries to my left hand and arm, chest and aggravation of a heart condition."

Again there was no mention of injury to the knee or the lipoma. The first time any medical report mentioned the knee problem subsequent to making the claim was a report of Dr. Shlim on February 18, 1970. Subsequent to that time Dr. Tepper and Dr. Fagan made entries concerning the knee and the lipoma. The lipoma was first mentioned on April 7, 1970. There are other doctor reports than those we have mentioned in the record, all of which we have read. Dr. Tepper excised the lipoma because it was irritating the claimant. Claimant testified that the lipoma was scraped on the metal of the lift truck when he was dragged from it, causing the irritation, and that his assailant had dragged him by the left leg causing the knee to be injured. Claimant and his wife testified that at the hospital on the night of the incident his left knee was swollen and discolored and causing him trouble. There is no plausible reason given in the record for failure to report such a serious and obvious injury either at the hospital or in the claim form, for which claimant had the aid of an experienced and competent claims attorney.

After claimant returned to work and in December 1969 he handled cargo which emanated chemical dust and caused claimant respiratory trouble. A claim for the respiratory problem ensued, and it was heard

at the same time the claims for the knee, lipoma and left thumb were heard. No issue is involved in this appeal from the findings with reference to the respiratory problem and the thumb. The hearing officer and Workmen's Compensation Board held against claimant on his claims for the knee and lipoma. We think with reference to both of these claims that credibility is involved.

The claimant has the burden of proof with reference to the claims he makes and we use our independent judgment based on the record. The hearing officer saw and heard the witnesses. Some of the doctors were cross-examined. On the basis of the record before us and in view of all of the circumstances surrounding the making and reporting of the disputed claims, we conclude that the claimant has failed to carry his burden of proof and that the hearing officer was correct with reference thereto. *Bicknell v. SAIF,* 8 Or App 567, 495 P2d 289 (1972).

Reversed and remanded for judgment in accordance with this opinion.