Argued August 20, reversed September 9, 1974

ROBERTS, *Respondent, v.* STATE ACCIDENT
INSURANCE FUND (No. 400-069), *Appellant.*

526 P2d 445

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Raymond J. Conboy,* Portland, argued the cause for respondent. With him on the brief were Pozzi, Wilson & Atchison and Dan O'Leary, Portland.

Before Schwab, Chief Judge, and Foley and Tanzer, Judges.

FOLEY, J.

This is an appeal by State Accident Insurance Fund from an order of the Multnomah County Circuit Court finding that claimant sustained an accidental injury on November 24, 1972, "in the course of his employment," and remanding the claim to SAIF for payment of compensation. The hearing officer and the Workmen's Compensation Board had previously ruled that claimant had failed to prove that his present claim arose out of his employment, and their determination was reversed by the circuit court order.

Claimant was in the employ of B.C.K. Company, Inc., and his work involved generally making modifications and improvements to the mill and grounds. Claimant, then 29, testified that on November 24, 1972, he and a fellow construction worker, Rod Zumwalt, were carrying a stairway, which they had fabricated, outside, and when claimant set the stairway down he started to raise up and "it felt like fire shoot up my

back." He said he told his fellow worker, as well as his superior, Dale Bonebrake, about the back incident. Claimant testified his back was hurting and left the job about an hour afterward, telling his superior that he was leaving. He was to be back at work the following day but he called his fellow worker and told him to advise the employer that he would not be there. The following Monday he returned to work but was advised that he had been terminated for missing too much time, for not doing his job, and for his poor attitude. When asked about not reporting for work Saturday, claimant testified that he told his employer the reason was that he had had a fight with his wife. Claimant said he did not believe he mentioned his back problem to the employer at that time. On this same Monday he applied for work as a construction laborer to another B.C.K. construction foreman and did not mention any limitations on his work ability.

About two weeks after his claimed injury, claimant was arrested in Oregon City, at which time he violently resisted arrest. Two officers were required to place the claimant in the police car because of his violent kicking and struggling. At the jail he repeatedly attempted to kick the jailer.

■ Claimant himself was the only witness produced concerning the November 24, 1972 claimed back episode. Claimant did not produce his fellow worker, Rod Zumwalt, whom he claimed witnessed his injury, nor did claimant place in the record any reason why Zumwalt was not called. The law commonly given to juries in jury instructions has application in this type case as well:

"That if weaker and less satisfactory evidence is offered when it appears that stronger and more

satisfactory was within the power of the party, the evidence offered should be viewed with distrust." ORS 17.250 (7).

■■ The claimant has the burden of proving a compensable claim. *Williamson v. SAIF,* 10 Or App 504, 500 P2d 487, Sup Ct *review denied* (1972); *Bicknell v. SAIF,* 8 Or App 567, 495 P2d 289 (1972). A principal issue in this case is one of credibility of the claimant. The hearing officer had the opportunity to see and hear the claimant as well as the other witnesses. He did not believe "claimant's testimony relative to the events of November 24, 1972." His credibility evaluation is entitled to some weight. *Romero v. Compensation Department,* 250 Or 368, 440 P2d 866 (1968); *Hannan v. Good Samaritan Hosp.,* 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971). Claimant contended his physician's report disclosed a work-related injury. This report, indicating a work-related injury, was based upon history given by claimant and thus was subject to the infirmities of claimant's credibility.

■ As a result of our de novo review we agree with the determination of the hearing officer and the Board that the claimant failed to prove that the claimed injuries of November 24, 1972, arose out of and in the course of his employment.

Reversed.