Argued February 28, reversed April 17, 1978

PITTS, *Respondent,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Appellant.*
(WCB Case No. 77-454-L, CA 8890)

577 P2d 101

Brian L. Pocock, Associate Counsel, State Accident Insurance Fund, Eugene, argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

The only issue in this workers' compensation case is the extent of claimant's permanent disability. Claimant was initially awarded 35 percent unscheduled disability by the Closing & Evaluation Division of the Workers' Compensation Board. Claimant requested a hearing and the referee increased the award to 65 percent unscheduled disability. This award was affirmed by the Workers' Compensation Board but was increased by the circuit court, which found claimant to be totally and permanently disabled. The State Accident Insurance Fund appeals. Claimant has made no appearance in this court.

In *Wilson v. Weyerhaeuser,* 30 Or App 403, 409, 567 P2d 567 (1977), we stated:

> "There are two types of permanent total disability: (1) that arising entirely from medical or physical incapacity—such cases are easier to determine and seldom find their way to us on appeal—and (2) that arising from physical conditions of less than total incapacity plus nonmedical conditions, which together result in permanent total disability. Typically, such nonmedical evidence relates to age, training, aptitude, adaptability to nonphysical labor, mental capacity and emotional condition, as well as the condition of the labor market. The so-called 'odd-lot doctrine' is nothing more than a shorthand recognition that permanent total disability may be based upon a combination of medical and nonmedical or 'wage-loss' conditions. It should not be complicated or distorted beyond that meaning." (Footnote omitted.)

In this case there was not enough evidence to establish permanent total disability arising entirely from medical or physical incapacity. It was, therefore, claimant's burden to introduce other evidence which, when combined with the medical evidence, showed permanent total disability. *Wilson v. Weyerhaeuser, supra. Deaton v. SAIF,* 13 Or App 298, 509 P2d 1215 (1973); *Brennan v. SAIF,* 11 Or App 530, 504 P2d 142 (1972).

[ 603 ]

We agree with the referee and Board that claimant has not shown facts indicating permanent total disability. In a well reasoned opinion, after an opportunity to observe the claimant, the referee awarded claimant 65 percent unscheduled disability. We agree with and adopt the referee's opinion and the Board's decision.

Reversed.