Argued November 10, affirmed November 23, 1960

# BILLINGS *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

357 P. 2d 276

*William E. Taylor*, Gold Beach, argued the cause for appellant. On the brief were Taylor and Miller, Gold Beach.

*Wallace Carperter*, Eugene, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Sloan, O'Connell, Goodwin and Howell, Justices.

HOWELL, J. (Pro Tempore)

This is an appeal by the plaintiff from a judgment entered in favor of the defendant, State Industrial Accident Commission.

The facts were stipulated. Plaintiff was injured on May 30, 1955, and filed her claim with defendant commission, which was accepted. On April 5, 1956, the defendant entered an order granting plaintiff an award for permanent partial disability equivalent to 20% loss function of her right foot. Plaintiff petitioned for a rehearing, and after such rehearing the defendant entered an order on May 25, 1956, granting plaintiff an award for permanent partial disability equal to 50% loss function of a hand and 30% loss function of a foot.

On May 23, 1958, plaintiff filed an application for increased compensation on account of aggravation. This application was denied by the defendant on May 27, 1958, on the basis it was not timely filed. Plaintiff's petition for rehearing was also denied.

The sole issue for determination by this court was also stipulated as:

"* * * whether or not plaintiff's application for increased compensation on account of aggravation filed on May 23, 1958, was filed within the statutory two year period from the date of that order of the defendant Commission which did constitute the 'first final award of Compensation' to plaintiff * * *."

The trial court held that the "first final award of compensation" was made by the defendant commission

on April 5, 1956, and as plaintiff's application for increased compensation for aggravation was not filed until May 23, 1958, it was not filed within the time provided by ORS 656.276(2).

The plaintiff contends that her application was timely, as it was filed within two years 'from May 25, 1956, the date of the order determining the petition for rehearing, and that the award made on such latter date was the "first final award of compensation."

Section 2, ORS 656.276, provides as follows:

"An application for increased compensation for aggravation must be filed within two years from the date of the first final award of compensation to the claimant, or if there has been no such award, within two years of the order allowing the claim."

Both parties cite *Gerber v. State Ind. Acc. Com.*, 164 Or 353, 101 P2d 416. At the time of the proceedings involved in that decision (1940), the statute read as follows:

"An application for increased compensation for aggravation must be filed within one year from the date of the first final award of compensation to the claimant."

Gerber had sustained an accidental injury and filed a claim with the commission. On February 16, 1937, the commission entered a final order closing the case, stating "that the claimant had not suffered any disability on account of his accidental injury," but allowing "payment for medical services." A petition for rehearing was filed, the claim reopened and payment of compensation allowed for temporary total disability. A final order was made by the commission on December 4, 1937, closing the claim and awarding compensation for permanent partial disability. On February 25,

1938, Gerber filed an application for increased compensation because of aggravation of disability. This claim was denied because it had not been filed within one year from the date of the commission's first final order of February 16, 1937, closing the case. On appeal this court, speaking through Mr. Justice BELT, rejected the commission's contention that the order of February 16, 1937, was the "first final award of compensation" on the grounds that the allowance of payment for medical services made therein was not an award of "compensation" within the meaning of the statute. The court held that the order made on December 4, 1937, after the rehearing and awarding permanent partial disability was the "first final award of compensation."

*Lindeman v. State Indus. Acc. Comm.*, 183 Or 245, 192 P2d 732, also involved an order of the commission allowing only the payment "for all necessary medical care." The plaintiff filed a petition for increased compensation on account of aggravation, which was denied. On appeal this court followed the Gerber decision and held that the application for increased compensation for aggravation could not be allowed under the statute unless the commission had previously made an award of compensation. As the award of medical expense was not an award of compensation, plaintiff was not entitled to prevail.

Subsequent to the decision in the Lindeman case the statute was amended by Oregon Laws 1951, ch 158, to provide as it does at the present, that an application for increased compensation for aggravation must be filed within two years from the date of the first final award of compensation or "if there has been no such award, within two years of the order allowing the claim."

"The clear purpose of the 1951 act was to provide relief in cases in which there has been an aggravation of an injury resulting in disability but in which there had been no previous compensation for time lost," as in the Lindeman case. *Colvin v. State Ind. Acc. Com.*, 197 Or 401, 253 P2d 910.

In the instant case, as distinguished from the Gerber and Lindeman decisions, the order of April 5, 1956, granting plaintiff an award for permanent partial disability equivalent to 20% loss function of her right foot constituted an award of compensation and was the "first final award of compensation" within the meaning of the statute.

■ As mentioned, the Gerber case was decided in 1940. Since that time there have been many sessions of the legislature, and the only change in the statutes was to enlarge, in 1945, the time in which to file an application for increased compensation for aggravation from one to two years and to add the change made by Oregon Laws 1951, ch 158, supra. "It may be presumed that the legislature re-enacted this section with knowledge of the ruling in the Gerber case * * *." *Lindeman v. State Ind. Acc. Com.*, supra.

■ As the plaintiff did not file her application for increased compensation for aggravation within two years of April 5, 1956, the trial court correctly entered judgment for defendant.

Affirmed.