Argued June 6, affirmed July 15, petition for rehearing
denied September 4, 1963

# MARSH *v.* STATE INDUSTRIAL ACCI-
# DENT COMMISSION

383 P. 2d 999

*M. M. Orona,* Lebanon, argued the cause for appellant. On the brief were Morley, Thomas & Orona, Lebanon.

*Thomas C. Enright,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, and Ray H. Lafky, Assistant Attorney General, Salem.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, GOODWIN and LUSK, Justices.

ROSSMAN, J.

This is an appeal by the plaintiff from a judgment order of the circuit court entered September 19, 1962, which sustained the defendant's motion for "an order dismissing the above entitled cause of action." The dismissal was on the ground that "the aggravation claim of the plaintiff was not filed with the defendant Commission within the statutory time limits prescribed in ORS 656.276 (2)."

The plaintiff appellant presents the following as his sole assignment of error:

"The Court erred in dismissing plaintiff's complaint by its Order of September 19, 1962."

The brief of the plaintiff-appellant states:

"The cause is before this Court upon the records and pleadings solely, no testimony of any nature whatever having been taken. The precise question to be determined by this Appeal is the date from which the two year statutory period within which to file a workman's compensation claim for increased compensation by reason of aggravation shall run * * *."

The parties agree that the issue just stated is governed by ORS 656.276 (2) which provides:

"An application for increased compensation for aggravation must be filed within two years from the date of the first final award of compensation to the claimant, or if there has been no such award, within two years of the order allowing the claim."

Accordingly, "an application for increased compensation for aggravation" such as this one must be filed within two years of the day when the "first final award of compensation" was entered.

The plaintiff received an injury May 9, 1958, which did not interfere at that time with his attendance upon his employment. May 26, 1958, his application for compensation was granted by an order which stated: "The above claim be allowed and closed for medical service due to the injury." Since no time loss had occurred, no compensation in the form of money for his pocket was ordered paid to the plaintiff.

April 3, 1959, an order of the commission re-opened the claim with a recital that the plaintiff had "incurred an aggravation of his condition requiring further treatment." The order directed that additional treatment be afforded him. June 12, 1959, the claim was again closed—this time with an award of "permanent partial disability" of "25% loss function of an arm to cover all residual unscheduled disability resulting from said accident in full and final settlement of the claim."

August 10, 1959, the plaintiff filed a Petition for a Rehearing which the commission granted. Upon the rehearing the commission, by an order dated August 23, 1959, "canceled" the order of June 12, 1959, and awarded "additional compensation for temporary total disability from June 2, 1959, as claimant's physical

condition shall warrant." An order entered May 11, 1960, found that the plaintiff's condition had become stationary and, after granting him "a permanent partial disability award equivalent to 50 per cent loss function of an arm," closed the claim.

June 8, 1960, the plaintiff filed a complaint in the circuit court in which he alleged that he was totally and permanently disabled. In a subsequent jury trial thereon the verdict was adverse to that claim but brought in the plaintiff's favor an increase in compensation to 75 per cent of the function of an arm.

May 7, 1962, the plaintiff filed the complaint which resulted in the proceeding now under review. It, too, is based upon allegations that the plaintiff is totally and permanently disabled. The defendant's motion to dismiss, based upon an alleged lack of timeliness, yielded the judgment order under consideration.

The plaintiff argues that the order of May 11, 1960, was the "first final award of compensation" within the purview of ORS 656.276 (2). The defendant insists that the order of June 12, 1959, is the one that meets the statute's standard.

*Billings v. State Industrial Accident Commission,* 225 Or 52, 357 P2d 276; *Lindeman v. State Industrial Accident Commission,* 183 Or 245, 192 P2d 732; and *Gerber v. State Industrial Accident Commission,* 164 Or 353, 101 P2d 416, warrant a holding that the order of May 26, 1958, which, although it directed payment for the medical service which the plaintiff had received, brought nothing to his pocket was not an award of compensation within the contemplation of ORS 656.276 (2). We will give the order of May 26, 1958, no further attention.

*Billings v. State Industrial Accident Commission,* supra, held, for reasons with which we remain satis-

fied, that an order similar to that entered in the case at bar on June 12, 1959, was "the first final award" which set the time controlling applications for increased compensation.

The plaintiff seems to believe that because the order of June 12, 1959, was "canceled" when the order of May 11, 1960, was entered, therefore, the order of May 11, 1960, was "the first final award." Columbus, according to popular belief, was the first European that set foot upon American soil. The fact that he died and that others came later did not change the primacy of his act. The fact that the order of May 11, 1960, succeeded the one entered June 12, 1959, did not change the fact that the one just mentioned came first. It was not canceled under a belief that the commission had made a mistake nor for the purpose of depriving the plaintiff of sums already received—but to enable the later order to bring to the plaintiff from that day on larger amounts.

The application of May 7, 1962, was not filed timely.

Affirmed.