Argued June 2, affirmed September 23, 1964

# PATE *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

### 395 P. 2d 438

*Wesley A. Franklin,* Portland, argued the cause for appellant. On the brief were Franklin, Olsen, Bennett & Des Brisay, Portland.

*Earl Preston,* Assistant Attorney General, Eugene, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, and Ray H. Lafky, Assistant Attorney General, Salem.

Don G. Swink, Portland, filed a brief as *amicus curiae.*

Before McAllister, Chief Justice, and Rossman, Perry, Sloan, O'Connell, Goodwin and Denecke, Justices.

GOODWIN, J.

This is an appeal from a judgment in the circuit court which dismissed an appeal in an aggravation proceeding before the State Industrial Accident Commission.

The workman was injured on September 29, 1961, and filed the first claim relevant to this case. He received medical treatment and drew compensation for

nearly a year. His claim was closed with an award for permanent partial disability on September 10, 1962. He did not appeal from this award. According to ORS 656.276 (2), however, he had a right to file an application for increased compensation in the event he should believe that an aggravation of his injury had occurred.

On May 8, 1963, the Commission, on its own motion, and pursuant to its continuing jurisdiction under ORS 656.278 (1), reopened the workman's claim. This was well within the two years in which an application for additional benefits based upon a claim of aggravation could have been filed. ORS 656.276 (2). On May 10, 1963, two days after the Commission had reopened his claim, the plaintiff filed with the Commission the application which gave rise to this litigation. If otherwise in order, his application was timely. He applied under ORS 656.276 for additional compensation for an alleged aggravation of his disability. Since the Commission had again taken action upon the workman's original claim and had authorized medical treatment and temporary total disability, the Commission declined to act upon his application of May 10, 1963. Consequently, after 30 days, the application was deemed denied. ORS 656.276 (3).

The workman thereafter, pursuant to ORS 656.284, filed a petition for rehearing, protesting the silent denial of his application. The Commission, again refusing to act, permitted the 60-day statutory period to run. The petition for rehearing was, accordingly, deemed denied. ORS 656.284 (6).

From the technical denial of both his application and his petition for rehearing, the workman next attempted this appeal to the circuit court under ORS 656.286.

In the circuit court, the Commission took the position that the court lacked jurisdiction to proceed with the aggravation case because the workman's original claim for compensation, having been reopened, was still pending before the Commission. The trial court agreed with the Commission and dismissed the case.

■■■ This appeal thus presents the question whether or not, while a workman's original claim is still open and pending before the Commission as an active file, the workman can require the Commission to act upon an application for additional compensation for an alleged aggravation of the same disability that is the foundation of the claim then pending before the Commission.

We believe the Commission and the circuit court correctly construed the relevant sections of the law.

ORS 656.276 (1) provides:

"If subsequent to the last award or arrangement of compensation by the commission there has been an aggravation of the disability resulting from an accidental injury, the injured workman may file with the commission an application for increased compensation * * *."

ORS 656.276 (2) then gives the workman two years from the date of the first final award of compensation in which to file the application mentioned in subsection (1). A workman may not, however, apply for additional compensation for an aggravation of his injuries while his original claim is pending before the Commission. Under the circumstances of this case, a claim reopened by the Commission on its own motion for further medical treatment or evaluation receives the same review by the Commission, and is subject to the same kind of judicial review, as a claim reopened

by the Commission in response to the workman's application.

If the Commission on its own motion has reopened the workman's claim, it will necessarily have before it any aggravation of the injury which may have occurred after the original claim was closed and prior to the entry of a new closing order. Therefore it makes no difference whether the claim has been reopened on the Commission's own motion or at the request of the workman. In either case, the claim has been opened and the issues are the same. One such claim is all that the Commission can or should attempt to process at one time.

Prior to 1957, a workman had to file a timely application for additional benefits under ORS 656.276 in order to assure the appealability of the order the Commission eventually would make in closing his claim. Prior to 1957, if the workman did not file first, the Commission on its own motion could reopen a claim and then close it, in certain cases, with a nonappealable order. See *Verban v. State Ind. Acc. Com.,* 168 Or 394, 123 P2d 988 (1942).

In 1957 ORS 656.278 was amended so as to preserve the appealability of orders made by the Commission on the Commission's own motion during the time in which a workman could have applied for relief as a matter of right. See *Buell v. S.I.A.C.,* decided this day. The *Buell* case holds that the 1957 amendment preserves the appealability of a Commission order closing a claim even though the claim is closed after the expiration of the two-year period during which the workman could have filed for an aggravation, provided the claim had been opened during such period.

Since the decision in the *Buell* case assures the

workman the right to appeal the order closing his claim in this case, the workman has no need to file an application for an aggravation award in order to save his appeal right. If the workman should be dissatisfied with the order closing his claim, he will have the same right of appeal that he would have had if the Commission had reopened his claim in response to a timely application by the workman instead of upon its own motion. *Buell v. S.I.A.C.,* supra.

Affirmed.