Argued December 8, 1966, affirmed March 15, 1967

HAMRICK, *Appellant, v.* STATE INDUSTRIAL
ACCIDENT COMMISSION, *Respondent.*

424 P. 2d 894

*Bernard P. Kelly,* Medford, argued the cause for
appellant. With him on the brief were Kelly, Grant
& Cooney, Medford.

*Harold W. Adams,* Assistant Attorney General,
Salem, argued the cause for respondent. With him on
the brief were Robert Y. Thornton, Attorney General,

and Wallace Carpenter, Assistant Attorney General, Salem.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and REDDING, Justices.

O'CONNELL, J.

This is an action to recover under the Workmen's Compensation Law for increased compensation based upon aggravated injuries. Plaintiff appeals from a judgment for defendant.

The trial court held that plaintiff's claim for aggravation had not been brought within two years following the first final award of compensation which was required under ORS 656.276, now repealed.[①]

Defendant entered an order on October 17, 1958, in which it found that plaintiff suffered temporary total disability from September 13, 1958 to September 17, 1958, and closed plaintiff's claim with payment of compensation for that period of disability.

On October 24, 1958, pursuant to a letter from plaintiff's physician stating that plaintiff's injury was more serious than originally perceived and that plaintiff would require further treatment, the Commission entered a second order allowing plaintiff's claim of temporary total disability as a pending matter until further order.

On September 6, 1963, almost five years after its initial order, defendant entered a final order closing plaintiff's claim and awarding him compensation for permanent partial disability. Plaintiff appealed from the Commission's determination and pursuant to a

[①] Or Laws 1965, ch 285, § 95. The counterpart of ORS 656.276 in the new Workmen's Compensation Law is ORS 656.271 (2).

jury verdict the Commission awarded plaintiff increased disability on May 22, 1964.

On July 7, 1964, plaintiff filed with defendant Commission a claim for increased compensation based on an aggravation of the 1958 injury. Defendant denied the application on the ground that it was not filed within the time period prescribed by ORS 656.276 (2), which provided as follows:

"(2) An application for increased compensation for aggravaton must be filed within two years from the date of the first final award of compensation to the claimant, or if there has been no such award, within two years of the order allowing the claim."

Defendant contends that the date of the "first final order" is October 17, 1958, that is, the date of the order granting plaintiff four days temporary total disability.

Plaintiff, however, contends that the order of October 17, 1958, does not constitute a final order because it was impliedly rescinded by the Commission's order of October 24, 1958 granting plaintiff temporary total disability until further notice. Plaintiff's contention is based on the theory that since the order of October 17, 1958 was entered under the mistaken belief that his medical condition was corrected and that he was restored to the status of an able-bodied workman, the order of October 24, 1958 tacitly admitting this mistake constituted a complete abrogation of the previous order. Thus the date of the first final order, according to plaintiff, was not until the order of September 6, 1963 closing plaintiff's claim with an award of permanent disability.

We hold that the order of October 17, 1958 was the "first final award of compensation" and that plaintiff's application for increased compensation for

aggravation comes too late, not having been filed within two years after the first final award.

We are unable to distinguish the present case from *Marsh v. S.I.A.C.*, 235 Or 297, 383 P2d 999 (1963). In that case a previous order which was "cancelled" by a later order was held to be "the first final award."⑧ The shortness of the compensation period in the present case is not significant. Moreover, we do not think that plaintiff suffered any injustice as a result of treating the order of October 17, 1958 as the first final award.⑨

The judgment is affirmed.

---

⑧See Buell v. S.I.A.C., 238 Or 492, 395 P2d 442 (1964), holding that an order closing a claim after allowing five days temporary total disability compensation was "the first final award."

⑨ The following statement in Pate v. S.I.A.C., 238 Or 499, 502-503, 395 P2d 438 (1964), is apposite:

"* * * Under the circumstances of this case, a claim reopened by the Commission on its own motion for further medical treatment or evaluation receives the same review by the Commission, and is subject to the same kind of judicial review, as a claim reopened by the Commission in response to the workmen's application.

"If the Commission on its own motion has reopened the workman's claim, it will necessarily have before it any aggravation of the injury which may have occurred after the original claim was closed and prior to the entry of a new closing order. Therefore it makes no difference whether the claim has been reopened on the Commission's own motion or at the request of the workman. In either case, the claim has been opened and the issues are the same. One such claim is all that the Commission can or should attempt to process at one time."