Argued October 28, affirmed November 18, 1974

RUGGIERO, *Appellant, v.* STATE ACCIDENT
INSURANCE FUND (No. 396-616), *Respondent.*

528 P2d 107

*Robert A. Bennett,* Portland, argued the cause for
appellant. With him on the brief were Willner, Ben-
nett, Riggs & Skarstad, Portland.

538

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and THORNTON and TANZER, Judges.

SCHWAB, C. J.

In this workmen's compensation case the claimant is seeking increased compensation for aggravation of injuries resulting from an accident which occurred in 1963. As statutorily authorized, he has elected to proceed under the Workmen's Compensation Law as it was prior to 1965, apparently so that he could obtain a jury trial.

His complaint in circuit court was demurred to by the defendant on the ground that the action had not been commenced within the time limited by statute. The court sustained the demurrer. Claimant declined to plead further and appeals from the judgment dismissing the complaint.

The question on appeal is from what date the two-year period for filing aggravation claims commenced running under former ORS 656.276 (2).[1]

---

[1]
"(1) If subsequent to the last award or arrangement of compensation by the commission there has been an aggravation of the disability resulting from an accidental injury, the injured workman may file with the commission an application for increased compensation. This application shall set forth sufficient facts to show an aggravation in such disability and the degree thereof.

"(2) An application for increased compensation for aggravation must be filed within two years from the date of the

The chronology of events is as follows: Claimant was involved in a compensable accident on February 15, 1963. On September 19, 1969 his claim was closed with a permanent partial disability award covering loss of function to his right leg. Subsequently, on petition for rehearing, the claim was reopened and an order entered which found permanent partial disability as to both legs. Thereafter, proceeding under the pre-1965 law, plaintiff filed a petition for increased compensation for aggravation and the matter was ultimately tried to a jury with a verdict awarding plaintiff permanent partial disability as to both legs and as to his back. In June of 1972 defendant entered its order based upon the jury verdict. On July 18, 1973 plaintiff filed a petition for increased compensation for aggravation, alleging further physical disabilities. The petition was denied by the defendant, following which a complaint was filed in circuit court, and it is this complaint to which the demurrer which is the basis of this appeal was sustained.

■ *Billings v. State Ind. Acc. Com.*, 225 Or 52, 357 P2d 276 (1960), tells us that the "first final award," as that language is used in former ORS 656.276 (2), which triggers the two-year limitation period, is the first closing order following the compensable accident. In *Billings* the defendant entered an award on April 5, 1956 for disability to plaintiff's right foot, and after rehearing, on May 25, 1956, entered an award for disability to her foot *and hand*. The court found that plaintiff's application filed May 23, 1958 for increased

---

first final award of compensation to the claimant, or if there has been no such award, within two years of the order allowing the claim.

"* * * * *." Former ORS 656.276.

compensation on account of aggravation of the disabilities to her foot and hand was not timely filed because the Commission's "first final award of compensation" was made on April 5, 1956. *See also, Hamrick v. S.I.A.C.,* 246 Or 229, 424 P2d 894 (1967), and *Marsh v. S.I.A.C.,* 235 Or 297, 383 P2d 999 (1963).

■ It follows that here the "first final award" was made on September 19, 1969, and therefore the last date on which the claimant could have filed for aggravation was in September of 1971.

Affirmed.