Argued March 17, affirmed April 28, 1975

BLAIR (No. 404-806), *Respondent, v.* STATE
ACCIDENT INSURANCE FUND, *Appellant.*

534 P2d 523

*Janet A. Metcalf,* Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Donald R. Wilson,* Portland, argued the cause for respondent. With him on the brief were Pozzi, Wilson & Atchison and Raymond J. Conboy, Portland.

Before SCHWAB, Chief Judge, and FORT and DENECKE, Judges.

FORT, J.

Robert D. Blair, claimant in this workmen's compensation case, suffered two on-the-job injuries to the same area of his lower back, the first in 1970, the second in 1972. Claims were made to and settled by the State Accident Insurance Fund (SAIF), who had the coverage on both employers. An award of 64 degrees' permanent partial disability was made in April 1972

for the first injury. The second injury occurred in December 1972. Prior to the closing of his claim in May 1973 for the second injury, only temporary total disability was allowed. Shortly thereafter, pursuant to a written medical opinion, the Workmen's Compensation Board reopened that claim. Based on that doctor's opinion the workman timely filed a claim for aggravation of the first injury. The two matters were consolidated for hearing. SAIF, the referee after hearing, and the Board ruled that his condition was solely attributable to the second injury, and thus reopened only that claim by remanding it for evaluation. No final award has yet been made thereon. Thus the question which is of primary interest to the workman —the extent of his present compensable disability— is not before us. The circuit court reversed, holding that claimant had additionally proved an aggravation of his first injury, and remanded both claims to the Board for final determination. SAIF appeals, contending that based upon the evidence, the second claim only should have been reopened.

We thus turn to consideration of the evidence. Claimant's first injury occurred in May 1970 while he was employed by Koch Lumber Company. As he was applying force to a peavy in order to free a large log, he developed acute, spasmodic low back and left leg pains. He returned to his job for intermittent periods but was forced to terminate in November 1970 because of worsening pain. Dr. James Mason of the Board's Physical Rehabilitation Center diagnosed claimant's condition as lumbosacral and sacrococcygeal strain, with herniated intervertebral disc lesion at L5-S1 on the left side. He recommended vocational rehabilitation toward lighter work. In September 1971 claimant was operated on by Dr. Martin Johnson, who performed a nerve root decompression and removed the herniated disc material.

In March 1972 claimant's medical condition was reported as stationary, and the claim was closed. By order of April 28, 1972, the Board made the permanent partial disability award of 64 degrees for unscheduled (low back) disability, in addition to temporary total disability payments. No appeal was taken therefrom.

In December 1972 claimant went to work as a carpenter's helper for the Astoria School District. On December 27, 1972, while handling a large metal frame, he had a sudden onset of "knife-like" back pain and fell to his knees. This was accompanied by some numbness in his left leg and tightness over the anterior aspect of his leg.

After examining claimant on May 1, 1973, Dr. Theodore Pasquesi drew the following conclusions regarding his condition and the 1972 injury:

"By the patient's own admission his back is about at the same state as it was before the accident of 12-27-72. His main complaints now are not related to this accident and are in the form of tension headaches and hemorrhoids.

"In my opinion this case can be closed. The patient does not have disability over and above the 64 degrees previously awarded in April of 1972 for unscheduled low back disability. * * *"

By letter of May 17, 1973, Dr. Martin Johnson, claimant's principal treating physician for both the 1970 and 1972 injuries, concurred in Dr. Pasquesi's analysis. The Board closed the second claim, allowing claimant temporary total disability through May 17, 1973, less time worked, with no award of permanent partial disability for the second injury.

Claimant returned to Dr. Johnson in July 1973 because of aggravation of his symptoms. Dr. Johnson reported:

"* * * Recently within the last month or so,

he has had exacerbation of his low back pain radiating across both hips and into the buttocks and occasionally into the posterior thighs * * *.

"* * * * *

"* * * It is my opinion that the patient has had aggravation of his symptoms due to degenerative changes which are often seen after significant back injury and subsequent laminectomy. I do feel he is a candidate for a possible facet rhizotomy. * * *"

In December 1973 claimant was examined by Dr. Robert McKillop. His comments were, in relevant part, as follows:

"* * * It should be obvious to all that a physician cannot exam[ine] the patient and attribute certain symptoms to a specific injury when two or three injuries to the same area have occurred in the past. It is also impossible for me or any other physician to accurately compare present findings with findings listed in some other physician's report from the past. The past reports are helpful in establishing a chronological history but are really not helpful in determining whether a condition has worsened. Most of my opinion in these cases are [sic] based on the complaints given to me by the patient. The injury in 1970 * * * sounds like a valid injury and was apparently closed by a rating of sixty-four degrees. The injury on December 27, 1972 sounds like a valid injury rather than an aggravation of the previous condition although it occurred to the same part of the body. I would consider this to be a new injury and this opinion is based on the history given to me by the claimant and history given from past reports. * * *"

At about the same time, Dr. Johnson clarified his position, stating by letter:

"* * * [I]t is my medical opinion that Mr.

Blair's present disability is directly related to and a part of his original injury of May 11, 1970. It is further my opinion that the injury of December 27, 1972, and his present situation are both aggravations of his original on-the-job injury of May 11, 1970."

■ The principal issue presented here and below is the factual question of whether claimant has established by a preponderance of the evidence an aggravation of his 1970 injury. The referee and the Board held that claimant had failed to do so. The circuit court reversed. We agree with the ruling of the circuit court.

ORS 656.273(1) provides:

"After the last award or arrangement of compensation, an injured workman is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury."

The burden of proof is on claimant to prove such an aggravation claim. *Nolan v. SAIF,* 7 Or App 46, 489 P2d 974 (1971).

■■ Resolving the difficult issue of whether claimant has shown "worsened condition" attributable to his 1970 injury, as distinguished from the 1972 injury, we conclude it turns basically upon the conflicting medical evidence. The difficulties inherent in such a decision are well set forth by Dr. McKillop, supra. Dr. Johnson, who has treated claimant throughout the period in question and performed the surgery upon him, expressed his unequivocal view that claimant's present condition is directly "related to and a part of" his original 1970 injury. Dr. McKillop saw claimant but once, and that a year after the second injury, and expressed ambivalence concerning it. Dr. Pasquesi also examined him but once and then only concerning

his condition at the time the second claim was closed, long prior to the hearing and before the aggravation claim was filed or even alleged to have occurred. In such situations the testimony of the treating physician is entitled to particular weight. *Fagaly v. State Acc. Ins. Fund*, 3 Or App 270, 280, 471 P2d 441, Sup Ct *review denied* (1970), *overruled on other grounds Anderson v. S.A.I.F.*, 5 Or App 580, 485 P2d 1236 (1971).

■ While this court gives respectful consideration to the findings of the referee, we are not bound thereby, and must resolve the case in accord with the independent judgment inherent in the de novo review process. *Blisserd v. SAIF*, 6 Or App 111, 486 P2d 1312 (1971). Here, no medical witnesses testified at the hearing; hence the referee was in no better position to evaluate such evidence than the circuit court or ourselves. We hold that claimant sustained his burden of proving an aggravation of the 1970 injury.

■ SAIF further challenges the award of attorney fees to claimant. ORS 656.386(1) provides in part:

> "In all cases involving accidental injuries where a claimant prevails in an appeal to the circuit court from a board order denying his claim for compensation, the court shall allow a reasonable attorney's fee to claimant's attorney. * * *"

In *Standley v. SAIF*, 8 Or App 429, 495 P2d 283 (1972), we held that denials of claims for aggravation duly supported by the written opinion of a physician are to be considered denials of claims for compensation for purposes of this statute. Claimant has prevailed in his appeal to the circuit court from such a denial. He is therefore entitled to attorney fees. We affirm the award made by the circuit court.

The parties would have us address several additional matters, such as the respective liability for un-

scheduled injuries to the same area of the body, as distinguished from scheduled injuries, of consecutive employers in situations such as this. *See: Nesselrodt v. Compensation Department,* 248 Or 452, 435 P2d 315 (1967). They also seek an answer to the question of whether an insurance carrier need reopen both claims where there have been, as here, successive injuries. *See: Davidson Baking Co. v. Industrial Indemnity Co.,* 20 Or App 508, 532 P2d 810, Sup Ct *review denied* (1975).

They also ask us to determine whether when a workman's claim for a second injury to an unscheduled area of the body is open and pending before the Board under ORS 656.278(1), the workman can also require the Board to consider and act upon his application for additional compensation for an alleged aggravation of an earlier disabling injury to the same area of the body as that for which claim has already been made as a result of the second injury under ORS 656.273. *See: Pate v. S.I.A.C.,* 238 Or 499, 395 P2d 438 (1964); *Buell v. S.I.A.C.,* 238 Or 492, 395 P2d 442 (1964); *Hamrich v. S.I.A.C.,* 246 Or 229, 424 P2d 894 (1967).

■ There is no indication in the record that any of these issues were litigated before or considered by the referee, the Board or the circuit court, nor is it necessary for us to decide them in order to reach our decision that claimant has sustained the burden of establishing a claim for aggravation of the 1970 injury which has not yet been evaluated by the Board and thus is not before us. We decline, under such circumstances, to rule on questions not considered or adjudicated below and thus not presented in accord with normal appellate procedures.

Affirmed.

SCHWAB, C. J., concurring.

I agree that the preponderance of the evidence indicates that the claimant, in addition to suffering a compensable injury in 1972, is suffering from an aggravation of his 1970 injury which resulted in an award of permanent, partial disability. However, I think it appropriate to consider certain contentions made by State Accident Insurance Fund (SAIF), which are stated in its brief as follows:

"* * * Even if both of the claimant's injury claims had been reopened here, it would not be appropriate to apportion his current disability between the two employers. *Cutwright* [sic] *v. American Ship Dismantler* * * * [6 Or App 62, 486 P2d 591 (1971)].

"Thus, it appears that, through the reopening of the 1972 injury claim, the claimant is receiving, and will receive all those benefits to which he is entitled by law. The refusal to reopen the 1970 injury claim is only an illusory denial since the claimant loses nothing by the refusal."

First, *Cutright v. Amer. Ship Dismantler,* 6 Or App 62, 486 P2d 591 (1971), does not hold that where there are successive injuries to the same part of the anatomy, the second employer is responsible for the entire disability. In that case, all we held is that if the second incident contributes independently to the injury, the second insurer is solely liable even if the injury would have been much less severe in the absence of the prior condition.

Further, SAIF is incorrect in its contention that any award for the 1972 injury will also necessarily compensate claimant for any increase in permanent disability resulting from aggravation of the 1970 injury. SAIF cites no statute or rule which would authorize payment of compensation for the results of one injury in the face of a finding that the condition was

solely the result of a separate injury. If SAIF had previously stipulated that, in a hearing on the 1972 injury, claimant could also be compensated for any proven aggravation of the 1970 injury, there conceivably would be no .reason for two separate hearings. It is by no means clear that it could have appropriately done so, because of the statutory requirements by which the experience ratings and therefore the premiums of employers are affected by claims experience. ORS 656.508(3).

In substance we here have a situation in which a claimant has had two separate compensable injuries and is entitled to prove the extent of his claims on each. The fact that claimant incurred successive injuries to the same general area of his body and which are difficult to segregate cannot operate to deprive him of the right to seek compensation for both injuries.

DENECKE, J., joins in this concurring opinion.