Argued and submitted February 22,
reversed and remanded April 28, 1980

In the Matter of the Compensation of
MAVIS, et al,
*Respondents,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Petitioner.*
(No. 78-5409, CA 15516)
609 P2d 1318

Quinton B. Estell, Associate Counsel, State Accident Insurance Fund, Salem, argued the cause for petitioner. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem.

Marvin S. Nepom, Portland, waived appearance for respondent Bill Mavis, claimant.

Vincent Ierulli, Portland, waived appearance for respondent Ron Brown Construction, employer.

Before Schwab, Chief Judge, and Thornton and Campbell, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

The Workers' Compensation Board ordered SAIF to pay claimant temporary total disability (TTD) for about three months of time loss and a 25 percent penalty because of unreasonable denial of his claim. We reverse the penalty award on the ground that the issue was not properly raised. We remand the TTD award on the ground that the record is unintelligible.

Claimant suffered a compensable back injury on January 31, 1978, and returned to work May 1 or 2, 1978. It is not clear what compensation he received for that period. His noncomplying employer initially paid him about $400 directly — the precise amount is not clear in the record. SAIF later reported to the Workers' Compensation Board as follows: "Date TTD compensation first paid 3-17" ;"TTD compensation paid continuously from: 2-7 Through: 3-6-78"; "Employer paid clmt $400 for time lost. Have subtracted that from comp." We cannot tell whether SAIF was reporting that it had paid temporary total disability benefits to claimant in addition to the payments made directly by his employer, or whether it was only claiming a credit for those payments.

SAIF ultimately denied the claim in June, after claimant had returned to work in May. Claimant's request for a hearing said nothing about penalties for unreasonable denial. At the hearing nothing was said about penalties.

At the hearing SAIF attempted to introduce evidence of what it called "excessive time loss," apparently meaning that SAIF was going to attempt to prove that claimant was able to return to work before he did. The referee ruled that evidence was irrelevant, stating, "I am not going to hear evidence on the question of extent of disability either temporary or permanent * * * the only issue I am going to hear today is that of compensability." The referee bluntly denied

[1061]

SAIF's request to make an offer of proof on its "excessive time loss" contention.[1]

Despite the referee's refusal to admit evidence on the question of the duration of temporary disability, the Workers' Compensation Board ruled that claimant was entitled to temporary total disability compensation for the period from January 31 to February 27 and from March 6 to May 1. In addition to the inherent unfairness of ruling on an issue the litigants had been told they could not introduce evidence on, we find no basis in the record for the Board's apparent conclusion that claimant had not been paid TTD for any time before February 27. As noted above, one exhibit states TTD was paid continuously from "2-7," which means February 7 not February 27. The Board, as had the referee, also held SAIF liable for a 25 percent penalty for unreasonable denial of the claim.

As to the penalty imposed, SAIF complains it never had notice this was an issue. Claimant had not urged that a penalty be imposed, either in his request for a hearing or at the hearing. The word "penalty" surfaced for the first time in the referee's decision.

Under these circumstances, we see two possible approaches. First, we could hold that a claimant in a denied-claim context need not specifically articulate that he claims entitlement to a penalty because as a matter of law the possibility of imposing a penalty is always an issue in a hearing on a denied claim. Second, we could apply a raise-or-waive rule and hold that a claimant must articulate claimed entitlement to a penalty or that issue is waived.

We adopt the second approach. Wrongful denial of a claim does not automatically trigger entitlement to a penalty; under ORS 656.262(8) the unreasonableness

---

[1] While the conduct of SAIF's attorney was not above criticism, it appears to us that the referee was more interested in asserting his authority over SAIF's attorney than in conducting a fair, orderly and efficient hearing.

of the denial must be proven before a penalty can be imposed. Thus, in the absence of a raise-or-waive rule, a prudent employer/insurer would always be litigating two issues — the correctness of its denial *and* the reasonableness of its denial. It seems pointless and wasteful to us to require or permit litigation of two issues in *all* denied-claim cases when we know that in at least *some* cases no penalty will be claimed or could be claimed.

As to claimant's entitlement to temporary total disability benefits, the relevant formula is simple. First it is necessary to determine the duration of claimant's total disability. ORS 656.210. SAIF is entitled to present evidence on that question — or at least for purposes of this case, it is irrational for the Board to decide the duration of claimant's disability after the referee refused to admit, even by offer of proof, SAIF's evidence on the point. Second, it is necessary to determine the exact amount of money claimant's noncomplying employer paid him directly after his injury because his employer is entitled to have such payments offset against claimant's time-loss compensation. *Candee v. SAIF,* 40 Or App 567, 595 P2d 1381, *rev den* 287 Or 355 (1979). Third, it is necessary to determine the exact amount of money, if any, that SAIF paid to claimant in addition to the direct payments from his employer. This simple formula has not yet been applied in this case; on remand it should be.

Reversed and remanded.