Argued and submitted November 24, 1980, reversed January 26, 1981

In the Matter of the Compensation
of Barbara A. Clark, Claimant.
CLARK,
*Petitioner,*
*v.*
STATE ACCIDENT INSURANCE
FUND CORPORATION,
*Respondent.*
(No. 77-13, CA 18335)
622 P2d 759

Stephen F. Mannenbach, Portland, argued the cause for petitioner. On the briefs were Warner C. Allen and Warren, Kirkman & Allen, Portland.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause for

respondent. With him on the brief were K. R. Maloney, General Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund Corporation, Salem.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

THORNTON, J.

**THORNTON, J.**

Claimant appeals from a Workers' Compensation Board order reversing the hearing officer and holding that claimant's aggravation claim had not been properly filed with State Accident Insurance Fund Corporation (SAIF) and, in any event, that the evidence did not establish that claimant had in fact suffered an aggravation of her prior back problems as opposed to a new injury. Three issues are raised on appeal: (1) Did the physician's report sent to SAIF constitute an adequate filing? (2) If so, did claimant establish an aggravation of her earlier accepted injury? (3) Was the referee correct in awarding claimant attorney fees and penalties on his own motion for SAIF's unreasonable delay in processing the claim?

FACTS: Claimant worked as a printer and sustained an on-the-job injury to the dorsal and lumbar areas of her back as the result of two mishaps which occurred in March, 1975. The claim was accepted by SAIF. Claimant changed employers in 1975. On February 27, 1976, she injured her back a second time. She had not entirely recovered from the initial injury, although she was expected to have no permanent disability resulting therefrom and had worked full-time in the same type of employment during the interim. On March 17, 1976, claimant saw Dr. Tyner, a chiropractor, who diagnosed a sprain in her left sacroiliac, lumbosacral and mid-dorsal areas. Dr. Tyner prepared a Form 827 (physician's initial report of work injury), copies of which were submitted both to SAIF and Industrial Indemnity (the insurer of claimant's second employer) within a few days thereafter. The form indicates that the injury is a "reaggravation" of her earlier injury, notes claimant's condition as unstationary and states the need for further chiropractic treatment before claimant is released for work. The letter sent to SAIF also included Dr. Tyner's billings for treatment of the injury.

On May 6, 1976, SAIF sent a letter to Dr. Tyner which stated:

"Received your billings, but must inform you that a claim for aggravation must be supported with medical evidence showing the relationship of the present condition

to the industrial injury for which we have assumed respon-
sibilities. [Sic] It must also be established that this condi-
tion was caused by or is a result of an injury which
worsened without evidence of a new injury.

"Based on the information now in file [sic] we cannot
assume responsibility for Ms. Clark's present condition."

The letter indicates that a copy of this letter was sent to
claimant.

Claimant requested hearings on the denial of her
claims against both SAIF and Industrial Indemnity, which
had denied the new injury claim. The claim against Indus-
trial Indemnity was settled as a disputed claim in April,
1979.

In September, 1978, claimant was examined by Dr.
Pasquesi, who concurred in the diagnosis of back and hip
sprain. He rated her overall disability and attributed one-
third to a preexisting scoliosis, one-third to the 1975 injury,
and one-third to her 1976 injury.

On November 22, 1978, Dr. Tyner responded to a
request from claimant's attorney to update his findings. In
a letter to the attorney, a copy of which was offered in
evidence, Dr. Tyler stated in part:

" * * * I would have to conclude that the February 27,
1976, injury caused an aggravation of the March 6, 1975,
symptoms and also a new injury to the left sacroiliac joint.
In reviewing my records it appears that the sacroiliac
sprain stabilized and that I last treated her for this com-
plaint on February 8, 1977. However, the lumbar and
especially the dorsal sprain have continued to go through
periods of remission and exacerbation until September 20,
1978, when she was last treated for this condition."

Claimant was unable to continue working as a printer and
now works as a housekeeper.

■ We reverse the Board ruling that claimant did not
make a proper filing of her aggravation claim. ORS
656.273(3) states: "A physician's report indicating a need
for further medical services or additional compensation is a
claim for aggravation." The report is clearly sufficient
notice to SAIF. *Hewes v. SAIF,* 36 Or App 91, 92, 583 P2d
576 (1978). It uses the term "reaggravation" and notes the
prior injury and the need for continued medical attention.

SAIF argues that the Tyner report does not "indicate" an aggravation, as required by statute. In the first place, the statute does not require, as SAIF's denial letter seems to suggest, that claimant adduce medical facts sufficient to show an aggravation; it need only show the need for further treatment of the injury. Second, the argument is specious, given the recognition in SAIF's letter of May 6, 1976, that the report was a claim for aggravation, which is sufficient to show SAIF understood what was intended. Finally, the diagnosis was sprain in the same areas of the back that were injured in 1975.

■ We also reverse the Board's holding that claimant failed to establish an aggravation. Dr. Tyner's November, 1978, report, quoted above in part, is sufficient to establish an aggravation of the old injury and a new injury to claimant's hip. The other medical evidence and claimant's testimony support this conclusion and nothing in the record contradicts it.

■■ The referee on his own motion ordered SAIF to pay claimant $1,000 as an attorney fee and imposed a penalty for unreasonable claim denial equal to 25 percent of the temporary total disability payments and medical expenses due claimant. Claimant is entitled to the attorney fee for prevailing at the hearing on her denied claim. ORS 656.386(1); OAR 438-47-020(1)(a).[1] Claimant, however, did

---

[1] ORS 656.386:

"(1) In all cases involving accidental injuries where a claimant prevails in an appeal to the Court of Appeals from a board order denying his claim for compensation, the court shall allow a reasonable attorney fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney fee * * *.

"(2) In all other cases attorney fees shall continue to be paid from the claimant's award of compensation except as otherwise provided in ORS 656.382."

OAR 438-47-020(1)(a):

"(1) In a proceeding before a referee, the referee shall allow a reasonable fee not to exceed $3,000, to be paid by the State Accident Insurance Fund or the direct responsibility employer:

"(a) When a claim previously denied is ordered accepted by the referee, whether the proceeding is on a claim of aggravation or on the original claim of injury * * *."

not request any penalties at the hearing. In *Mavis v. SAIF,* 45 Or App 1059, 1062-63, 609 P2d 1318 (1980), we held that no penalties for unreasonable denial of claims should be awarded where the issue was not raised by claimant as an issue at the hearing.[2]

The original order of the referee is reinstated with the exception of the penalties assessed, which are deleted.

Reversed.

---

[2] We need not decide whether claimant would have been entitled to penalties had she raised the question. We note that SAIF's May 6, 1976, letter, which can reasonably be read as a denial of the claim, fails to apprise claimant of her hearing rights and no copy was apparently sent to her employer or the director of the Worker's Compensation Department. *See* ORS 656.262(6).