Argued and submitted February 23, 1983, reversed and
remanded with instructions January 11, 1984

In the Matter of the Compensation of
Juanita Trevino, Claimant.

**TREVINO,**
*Petitioner,*

*v.*

**STATE ACCIDENT INSURANCE FUND
CORPORATION,**
*Respondent.*

(80-07954, 81-01912; CA A24995)

673 P2d 1389

Janet A. Metcalf, Portland, argued the cause for petitioner. With her on the brief was English & Metcalf, Portland.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant seeks reversal of an order of the Workers' Compensation Board denying compensability of her claim for a knee injury, either as a new injury or as an aggravation of a 1977 injury. Although the case has developed into a procedural morass, we conclude that there was an aggravation claim made and that that claim should be allowed. Accordingly, we reverse.

Claimant is a 45-year-old farm worker, who speaks only Spanish, has never gone to school and is illiterate in any language. In July, 1977, while working for Twin Creek Farms, she fell on a trailer, striking her legs on an iron mounting. Although she was injured (primarily her right leg), she continued to work. In September or October of that year she fell again and a box fell from a trailer hitting her legs, primarily her left leg. Following that injury, both of her legs hurt, and she was off work about a week.

In April, 1978, she was seen by Dr. Lawton, complaining of pain in both legs; however, her right leg hurt worse, and treatment centered on that leg. The same month, she filed her first claim, in which she asserted that she had hurt both legs. In August, 1978, surgery was performed on her right knee. The claim was closed on March 20, 1979, with an award of 15 degrees for 10 percent loss of the right leg.

In March, 1980, claimant returned to Dr. Lawton complaining of pain in her left knee. She also filed a second claim at that time for her left knee injury, indicating the injury date of July 15, 1977. SAIF assigned a new claim number to that claim and denied it on May 21, 1980, stating that it was not timely filed because the date of injury was 1977. She filed a request for a hearing on that denial on August 26, 1980.

Claimant consulted Dr. Becker in June, 1980. His letter of June 18, 1980, indicated that claimant's current complaints were related to the prior 1977 injury. Dr. Lawton concurred in the causal relationship. In September, 1980, Dr. Stewart, to whom claimant was referred by SAIF, expressed the opinion that there was no question

"* * * that her injury in [and] of itself was the onset of her knee problems and that claimant's knee problem could certainly be that of an aggravation of a pre-existing condition."

SAIF received copies of the three medical reports, and in August referred the matter to its medical consultant, Dr. Norton, who found no causal relation between the injury and either knee condition.[1] In September, claimant's attorney wrote SAIF inquiring about the processing of an aggravation claim under the first claim number, requesting the status of that claim. The record does not disclose any response. In February, 1981, claimant requested a hearing on what she contended was a *de facto* denial of the aggravation claim. The referee found that, although the evidence established that claimant did injure her left knee in July, 1977, and that that condition did worsen after the issuance of the 1979 determination order,[2] she was not entitled to further compensation, because she had failed to file her request for hearing within 60 days after being notified that her March, 1980, claim was denied and she could not show good cause for the delay. The Board affirmed.

■     Claimant contended at the hearing that her claim was for an aggravation and not a new injury; however, the referee and the Board assumed that claimant was appealing the denial of her second claim, to which SAIF had assigned a new number. That claim was filed and denied before the aggravation claim was made by Dr. Becker's letter of June 18, 1980. Although claimant's request for hearing on the denial of her second claim (March, 1980) was untimely, her request for hearing on the aggravation claim, if there was one, was not.

■     Claimant has the burden to establish an aggravation claim. *Blair v. SAIF,* 21 Or App 229, 534 P2d 523 (1975). Although a claimant must prove a worsening of the original work-related injury since the last award of compensation, a claim for worsened symptoms believed to be related to the original injury is not precluded because the claimant did not specify a particular condition on claim forms. *See Pumpelly v. SAIF,* 50 Or App 303, 623 P2d 677 (1981); ORS 656.273(1). A doctor's report may constitute an aggravation claim. ORS 656.273(3); *Clark v. SAIF,* 50 Or App 139, 622 P2d 759 (1981). Concededly, the record here is confusing, but it establishes

---

[1] Dr. Norton's opinion that there was no work-related cause of injury to *either* leg was premised on SAIF's claim file; he never saw claimant.

[2] The referee found claimant credible.

that claimant made an aggravation claim relating to her 1977 injury to her left knee. SAIF was required to accept or deny the claim within 60 days of notice or be liable for penalties and attorney fees. ORS 656.262(6) and (9).

The medical evidence shows that claimant originally complained of injuries to both her right and left legs in 1977 and that her initial claim was for injury to both. The right knee was worse immediately following both injuries, and treatment centered on that knee. In 1979, that claim was closed on the basis of disability to the right knee injury only. However, subsequently she sought medical treatment for her left knee, and Drs. Stewart, Becker and Lawton related the injury to the 1977 on-the-job accidents.

■ ■ We conclude that claimant made an aggravation claim for her left knee injury and that she has met her burden of proving a worsening in her condition since the last award of compensation. Because SAIF failed to accept or deny the aggravation claim, in spite of its investigation and claimant's attorney's request for the disposition of that claim, it is subject to penalties and attorney fees.

Reversed and remanded with instructions that the aggravation claim be accepted and for determination of penalties and attorney fees.