In the Matter of the Compensation of
Judy C. Stratton, Claimant.

## STRATTON,
*Petitioner,*

*v.*

## SAIF CORPORATION et al,
*Respondents.*

(WCB 83-12237; CA A36556)

723 P2d 356

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief were Evohl F. Malagon and Malagon & Associates, Eugene.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Warden, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant seeks review of an order of the Workers' Compensation Board affirming an order of the referee which had upheld SAIF's denial of her aggravation claim. *See* ORS 656.273(1). We hold that she did not timely file a claim for aggravation benefits and affirm.

Claimant was injured at work on June 21, 1978. Her claim stated that the area of her body that had been injured was her right leg, and a "Physician's Initial Report of Work Injury or Occupational Disease," submitted by Dr. Woodworth and dated July 7, 1978, stated that she had a "[l]arge hematoma over right anterior tibia which is slightly tender," that is, a large bruise over her right shinbone. SAIF accepted that claim as a nondisabling injury.

Claimant testified in the hearing in this case that the precise location of the injury was approximately two inches below her kneecap and that the bruise extended into the lower part of her kneecap. She stated that Woodworth told her that the injury would heal in time and that he did not treat her. She also stated that over the years she had continued to experience problems with her right leg, particularly her knee, and that she mentioned those problems to the doctors who were treating her for carpal tunnel syndrome, a condition which she developed at work shortly before her leg injury and which SAIF had also accepted. However, no mention of knee problems appears in the medical records until two chart notes by Dr. Davis in April and June of 1983. The first states:

> "[Claimant] is seen today because of pain in her right knee. She developed grinding in the patellar areas. She's had a previous direct contusion of the knee. She's examined today. She has no joint effusion. She has mild crepitus and snap over the superior medial pole of the patella. I cannot palpate a plica. Pressure on the patella does not increase her symptoms. Her facets are nontender.
>
> "Dx:    Chondromalacia patella, mild.
>
> "Recommendations:    She is presently enrolled in a jazzercise class. I have asked her to discontinue that until such time as her knee feels better. In the interim she may swim and ride a bike. If not improved, return, and she should have x-rays of her right knee including patellar skyline view."

The second states, as relevant to her knee problem:

"[Claimant's] knee has improved. There is far less crepitus. Range of motion is normal. She has lateral facet tenderness but not severe.

"I described to her the activities to avoid to prevent injuring her patella and instructed her in quad isometric and straight-leg raising exercises. I have asked her to return in the future if [she has] any persisting problems. * * *"

SAIF received those chart notes on June 8, 1983, within the five-year limitation period for filing an aggravation claim, *see* ORS 656.273(4)(b), but it did not treat them as an aggravation claim and did not respond by acceptance or denial. On December 1, 1983, Davis informed SAIF that claimant needed knee surgery. SAIF treated his report as an aggravation claim and denied it on February 7, 1984.

The referee upheld SAIF's denial on the ground that claimant's claim was time-barred. He stated that the chart notes received by SAIF in June, 1983, did not constitute a valid aggravation claim, because they did not relate claimant's knee problems to her 1978 injury. He also found that claimant was entitled to temporary total disability benefits from February 1 through 7, 1984, and penalties and attorney fees for SAIF's late denial of the December 1, 1983, claim. The Board affirmed, reasoning that, even if the claim was not time-barred, claimant had not proved that her knee problems were related to her 1978 compensable leg injury.

We agree with the referee that the chart notes received by SAIF in June, 1983, did not constitute an aggravation claim. A worker is entitled to additional compensation for "worsened conditions resulting from the original injury," and a physician's report indicating a need for further medical services or additional compensation is a claim for aggravation. ORS 656.273(1), (3). The chart notes here are insufficient, because they do not relate claimant's knee problems to her 1978 compensable injury. *Compare Trevino v. SAIF*, 66 Or App 410, 673 P2d 1389 (1984) (doctors' reports relating knee injury to prior compensable leg injury were aggravation claims). SAIF had accepted a condition that was described as a bruised shinbone. Almost five years later it received two chart notes indicating that claimant was experiencing knee problems. There is no evidence that SAIF knew or should have known that, as she claims, she had been experiencing knee

problems in the interim. Under those circumstances, it would be unreasonable to expect SAIF to infer from the chart notes that her knee problems were related to her earlier compensable injury.

Davis' statement in the first chart note that claimant had had a previous direct contusion of the knee would not have put SAIF on notice that the 1978 compensable injury was claimed to be involved, because defendant's 1978 claim and Woodworth's initial report did not state that the knee was injured. It would not be reasonable to expect SAIF to infer that Davis' reference to a prior contusion to the knee implicated the 1978 compensable injury. Furthermore, Davis apparently sent the chart notes to SAIF in connection with the carpal tunnel syndrome claim. That would make it even less likely that SAIF would connect the knee problem to the compensable leg injury, because its focus in reading the chart notes would have been on the carpal tunnel syndrome. Claimant failed to submit a valid aggravation claim before the limitations period had expired. Her claim is time-barred.

Affirmed.